**Daniel L. GROFF, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 17–S03–8602–CR–159.

Supreme Court of Indiana.

Feb. 13, 1986.

Paul B. Kusbach, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Following conviction of robbery while armed with a deadly weapon, Groff was sentenced to ten (10) years imprisonment to run consecutively to a previous sentence of six (6) years imprisonment imposed for dealing in a controlled substance. At the time of the robbery, the Defendant had already been convicted for the earlier offense, but was free on appeal bond. The prior conviction has since been affirmed on

appeal, *Groff v. State* (1981) Ind.App., 415 N.E.2d 721.

This case is before us upon a motion for emergency transfer pursuant to Appellate Rule 4(A)(10) filed on behalf of the State of Indiana, following commencement of Defendant's appeal in the Court of Appeals. The sole issue is whether consecutive sentences were mandatory under the provisions of Ind.Code § 35–50–1–2(b).

When Groff was sentenced for the armed robbery, the trial court expressly found neither aggravating nor mitigating circumstances, but imposed a consecutive sentence solely by reason of its conclusion that § 35–50–1–2(b) required mandatory sentences. The statute provides:

> (a) Except as provided in subsection (b) of this section, the court shall determine whether terms of imprisonment shall be served concurrently or consecutively.
>
> (b) If a person commits a crime:
>
> (1) After having been arrested for another crime; and
>
> (2) Before the date he is discharged from probation, parole, or a term of imprisonment imposed for that other crime; the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

Appellant contends that the statutory language has been restricted and limited by the decisions of the Court in *Hutchinson v. State* (1985), Ind., 477 N.E.2d 850, and *Haggard v. State* (1983), Ind., 445 N.E.2d 969, which contain language that the "mandatory section of the statute, section (b), only applies if a defendant is on probation, parole, or serving a term of imprisonment at the time the other offenses were committed." *Hutchinson*, 477 N.E.2d at 857, *Haggard*, 445 N.E.2d at 973. Appellant contends that because he was free on an appeal bond at the time of the second offense, rather than on probation, parole, or serving a term of imprisonment, the trial court erred in imposing a mandatory consecutive sentence.

In *Hutchinson,* the Defendant was convicted of attempted murder committed while he was awaiting trial upon a previous charge of armed robbery. He was convicted and sentenced for armed robbery before the sentencing for attempted murder. The statutory provision for imposing mandatory consecutive sentences was held not applicable. Since the record there showed that the court did consider appropriate aggravating circumstances, the case was remanded for a specific statement of facts to support the imposition of consecutive terms as permitted by IC § 35–50–1–2(a).

Similarly, in *Haggard,* the defendant had received consecutive terms following the conviction for rape which was committed before the defendant was sentenced upon a previous charge of theft. This Court found that the trial court had erred in holding that the prior theft arrest mandated consecutive sentences, and we remanded for redetermination of whether the terms of imprisonment should be consecutive or concurrent.

■ Thus, in both *Hutchinson* and *Haggard,* IC § 35–50–1–2(b) was interpreted and applied so as to not require consecutive sentences where the subsequent crime is committed during the time period between arrest and sentencing for a prior crime. However, where the subsequent offense occurs after sentencing for a prior crime, IC § 35–50–1–2 applies to require mandatory consecutive terms. The use of the phrase "discharge from probation, parole, or a term of imprisonment" was not intended to limit application of the mandatory provision. The phrase is all inclusive. It covers all the possible ways in which a sentence finally terminates. This application of the statute is consistent with the actual holdings in both *Hutchinson* and *Haggard.*

■ At the time Groff committed the armed robbery, he had already been convicted and sentenced to a term of imprisonment for a previous crime. For this reason, the trial court was correct in concluding that IC § 35–50–1–2(b) required mandatory consecutive terms of imprisonment.

For these reasons, transfer is granted, and the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVAR-NIK and SHEPARD, JJ., concur.