Anthony SIDES, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 49S02–8603–PC–309.

Supreme Court of Indiana.

March 26, 1986.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

As part of a series of cases before the Court, we return to the construction of a section of the Indiana Code which requires that criminal sentences be served consecutively under certain situations. Ind.Code § 35–50–1–2.

Anthony Sides was arrested on April 3, 1982, and charged with burglary and resisting arrest. While out on bond awaiting trial on these charges, he committed the offenses of burglary and theft. Subsequently, he pleaded guilty to the first burglary and received a sentence of five years. Later, he pleaded guilty to the second burglary and received a three year sentence to run consecutively.

Sides filed a petition for post-conviction relief, claiming that his plea to the second crime was involuntary, unknowing, and unintelligent, on the basis that the advisement he received from the trial judge was erroneous. The trial judge told him that if he pleaded guilty to the second burglary the sentence for that offense would be ordered served consecutive to the sentence for the first burglary sentence because the law required it. Martin's plea agreement with the prosecutor also provided that the second sentence would be consecutive.

The court hearing his petition denied relief. The Court of Appeals initially re-

versed, finding that the advisement was deficient under *Hutchinson v. State* (1985), Ind., 477 N.E.2d 850. *Sides v. State* (1985), Ind.App., 480· N.E.2d 572. On rehearing, the Court of Appeals concluded that the advisement correctly stated the law as it existed at the time of Sides plea and affirmed the decision of the trial court. *Sides v. State* (1985), Ind.App., 482 N.E.2d 757.

We grant transfer in order to explore further the construction of this statute.

The language under consideration, Ind. Code § 35–50–1–2, provides as follows:

> (a) Except as provided in subsection (b) of this section, the court shall determine whether terms of imprisonment shall be served concurrently or consecutively.
>
> (b) If a person commits a crime:
>
> (1) After having been arrested for another crime; and
>
> (2) Before the date he is discharged from probation, parole, or a term of imprisonment imposed for that other crime;
>
> the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and the sentences imposed.

In *Hutchinson, supra,* this Court considered a case in which the defendant committed a second crime while in custody awaiting trial on an earlier offense. The trial court had determined that consecutive sentences were required under the Code. We concluded that such was not the case because Hutchinson was not "on probation, parole, or serving a term of imprisonment at the time the other offenses were committed." *Hutchinson,* 477·N.E.2d at 857.

In a more recent case, we have held that the defendant need not have entered into his term of probation, parole, or imprisonment in order to come under the mandatory sections of the statute in a case in which the perpetrator was on appeal bond when he committed the second offense. *Groff v. State* (1986), Ind., 488 N.E.2d 711. As Justice Dickson wrote for the Court:

> [W]here the subsequent offense occurs after sentencing for a prior crime, IC § 35–50–1–2 applies to require mandatory consecutive terms. The use of the phrase "discharge from probation, parole, or a term of imprisonment" was not intended to limit application of the mandatory provision. The phrase is all inclusive. It covers all the possible ways in which a sentence finally terminates. This application of the statute is consistent with the actual holdings in both *Hutchinson* and *Haggard* [*v. State* (1983) Ind. 445 N.E.2d 969].

*Groff, supra* at 712,

Thus, while the language cited above from *Hutchinson* was too broad, the holding of the case is still good law. A defendant who has not been sentenced for offense one at the time he commits offense two does not fall under the mandatory sentences provision of the· Code. Of course, the trial court still has the authority to sentence such an offender to consecutive terms upon review of any aggravating and mitigating circumstances.

Sides committed his second crime while he was awaiting trial on his first; thus, we conclude that, as in *Hutchinson,* the statute does not require that the sentences be served consecutively.

We now turn to Sides' request that his plea and conviction be set aside. Sides urges that his plea be found involuntary and unintelligent because he was misadvised on a material matter of law.

The prevailing case law has held that a defendant who is not advised according to the provisions of Ind.Code § 35–35–1–2 is automatically deemed to have given an unintelligent and involuntary plea. *German v. State* (1981), Ind., 428 N.E.2d 234; *Ford v. State* (1985), Ind., 479 N.E.2d 1307.

The Court of Appeals found that the advisement given Sides was correct at the time it was rendered,̈ citing *Ramirez v. State* (1983), Ind.App., 455 N.E.2d 609, *aff'd by an equally divided court* (1985) —— U.S. ——, 105 S.Ct. 1860, 85. L.Ed.2d 113. The Second District did note that

another district had reached an opposite conclusion in *dicta.* *Garrett v. State* (1980), Ind.App., 411 N.E.2d 692. At a minimum it may be said that the advisement given Sides by the trial judge had a substantial basis in appellate authority.

 Whether the advisement given Sides was correct or incorrect at the time, it is clear that the trial judge did inform him what the consequences of his plea would be: consecutive sentences. This Court has held that where the trial court informs the defendant that the second sentence will be served consecutively before the plea is entered, he has complied with the section of the statute requiring that he inform the defendant of "any possibility of the imposition of consecutive sentences." Ind.Code § 35–35–1–2(a)(3) (formerly 35–4.1–1–3(d)). Having been advised that he will receive consecutive sentences if he pleads guilty, he cannot be said to have been misinformed about the consequences of his act. As Justice Hunter wrote speaking for a unanimous Court:

> Clearly the court erred in its interpretation of the the statutory sentencing provision; just as clearly the court strictly complied with subsection "d" of Ind.Code § 35–4.1–1–3, *supra,* for the court twice stressed to defendant at the guilty plea hearing that if his pleas were accepted, the sentence for violence while armed with a deadly weapon would be imposed consecutively to the sentence for second-degree murder, as per the terms of the plea agreement petitioner had executed. In both instances petitioner indicated he understood the two sentences would not be served simultaneously if the pleas were accepted. Based on this record, the court properly rejected defendant's claim, for subsection "d" required the court to inform him of "the possibility of the imposition of consecutive sentences." Ind.Code § 35–4.1–1–3(d), *supra.* The Court's statements informed petitioner the "possibility" would in fact occur if the pleas were accepted; the petitioner consequently fully understood the consequences of his plea, notwithstanding any misinformation regarding the statutory sentencing alternatives detailed in Ind. Code § 35–23–4.1–18(d), *Romine v. State* (1982), Ind., 431 N.E.2d 780, 782.

Sides has had the burden of proving by a preponderance of the evidence the allegations of his petition, namely, that his plea was unknowing, involuntary, and unintelligent. Only when the evidence is without conflict and leads to but one reasonable conclusion contrary to that reached by the trier of fact will the decision be reversed as contrary to law. *Henson v. State* (1979), 271 Ind. 325, 392 N.E.2d 478.

■ While Sides has not presented evidence requiring reversal of the trial court's finding that his plea was voluntary and intelligent, he has demonstrated that the apparent reason why he received consecutive sentences (that the statute required it) was incorrect. Thus, he is entitled to the opportunity for a hearing on the question of whether his sentence should be concurrent or consecutive.

Accordingly, the trial court's denial of Sides' request that his conviction be set aside is affirmed. The order that Sides' sentence be served consecutively is vacated and the cause is returned to the trial court so that it may consider appropriate mitigating and aggravating circumstances which may reflect on whether the sentence should be concurrent or consecutive.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.