Anthony SIDES, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 49 S 02–8603–PC–309.

Supreme Court of Indiana.

Aug. 20, 1986.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Considering Anthony Sides' petition for post-conviction relief, this Court determined that Sides plea of guilty was knowing and voluntary and affirmed the trial court's refusal to set aside his plea and conviction for burglary. We also determined that Ind.Code § 35–50–1–2 did not require that the sentence on this conviction be served consecutive to the sentence imposed on Sides for another case which was pending when the present offense was committed. We remanded the cause for a sentencing hearing at which the trial court would consider whether, in its discretion, the sentence should be concurrent or consecutive. *Sides v. State* (1986), Ind., 490 N.E.2d 318.

Both parties have filed petitions for rehearing. Sides' petition requests that we grant rehearing on the merits of whether his decision to plead guilty was knowing and voluntary. This petition is denied.

The State's petition asserts that Sides is not entitled to a new sentencing hearing and that the original, consecutive sentence should be affirmed. The State points out that the parties had entered into a plea agreement providing for consecutive sentences and argues that the trial court would not be authorized to alter the sentence contained in the agreement, citing *State ex rel. Goldsmith v. Marion County Superior Court* (1981) 275 Ind. 545, 419 N.E.2d 109.

The State is correct that it would now be inappropriate for the trial court to consider aggravating and mitigating circumstances. Having already accepted Sides' plea, approved the plea agreement of the parties, and entered judgment and sentence in accordance with the agreement, the trial court has concluded its business with Mr. Sides.

Accordingly, the State's petition for rehearing is granted. The former order of

remand is vacated and the judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK, and DICKSON, JJ., concur.