Anthony NEWSOME, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 27A05–9408–CR–341.

Court of Appeals of Indiana.

July 31, 1995.

Transfer Denied Oct. 5, 1995.

**2.** We express no opinion as to the merits of Hampton's arguments in support of his request for damages.

James A. McKown, Jr., Marion, for appellant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

BARTEAU, Judge.

Anthony Newsome appeals from his conviction for conspiracy to deal cocaine. We affirm in part, reverse in part.

## FACTS

Newsome was the ringleader of a conspiracy to deal cocaine. He supplied cocaine to a number of persons who sold the cocaine and paid Newsome a share of the proceeds. Newsome was arrested and charged with conspiracy to deal cocaine.

Newsome escaped from jail while he was awaiting trial on the conspiracy charge. He was apprehended, charged, tried, convicted and sentenced for the escape before he was brought to trial and convicted on the conspiracy charge.

At sentencing on the conspiracy charge, the trial court found as aggravating factors: (1) the fact that Newsome had escaped while awaiting trial on the conspiracy charge; (2) Newsome's history of criminal activity; and (3) Newsome's need for correctional and rehabilitative treatment that is best provided by long-term incarceration. The trial court found one mitigating factor, Newsome's age. Based upon the aggravating factors, the trial court enhanced Newsome's sentence to 50 years imprisonment for the crime of conspiracy. The trial court ordered that Newsome serve this sentence consecutive to the sentence imposed for his previous escape conviction.

## ISSUES

Newsome raises two issues on appeal, which we restate as:

1. Whether the trial court erred in sentencing Newsome to 50 years for the crime of conspiracy to deal cocaine.

2. Whether the trial court erred in ordering the sentence for the crime of conspiracy to be served consecutive to the sentence imposed for the crime of escape.

### FIFTY–YEAR SENTENCE

 Trial judges are vested with wide discretion to impose enhanced sentences. *May v. State* (1991), Ind.App., 578 N.E.2d 716, 723. If sentences are enhanced due to aggravating circumstances the trial judge must state the reasons underlying the sentencing decisions. Ind.Code 35–38–1–3; *see Wills v. State* (1991), Ind., 578 N.E.2d 363, 365; *May*, 578 N.E.2d at 723. "An adequate explanation contains at least three elements: (1) a list of the significant aggravating and mitigating factors, (2) a statement of the specific reason why each factor is aggravating or mitigating, and (3) an evaluation and balancing of the factors." *May*, 578 N.E.2d at 723. On appeal, the reviewing court will examine both the written sentencing order and the trial court's comments at the sentencing hearing. *Strong v. State* (1989), Ind., 538 N.E.2d 924, 929.

 The trial court listed the aggravating and mitigating circumstances particular to Newsome's case, and found that the aggravating factors outweighed the mitigating circumstances. The trial court rejected Newsome's arguments in favor of a lesser sentence, and specifically explained why Newsome's case warranted an enhanced sentence:

[T]o argue that the system didn't give [Newsome] enough opportunities, ... won't give him enough chances at rehabilitation, ... is incredibly naive. It over looks [sic] the fact that there are thousand [sic] and hundreds of thousands of young people across this country every day that are able to stay out of trouble and have no contact at all with the juvenile system.... I think this young man as I have said before unfortunately is a good example of the new youthful criminal that we're seeing in courtrooms across this Country. Someone who is dangerous, unconcerned and has no regard for the lives and property of other people.

R. 548–49. For the court to properly enhance a sentence, "[t]he record must show that the determination of the increased sentence was based upon a consideration of facts of the specific crime, the aggravating and mitigating circumstances involved and the relation of the sentence imposed to the objectives which will be served by that sentence." *Shackelford v. State* (1993), Ind.App., 622 N.E.2d 1340, 1345. A single aggravating factor will support an enhanced sentence. *Ellis v. State* (1991), Ind., 567 N.E.2d 1142, 1146. The trial court did not abuse its discretion by imposing an enhanced sentence.

 Newsome argues that the 50–year sentence is manifestly unreasonable. On appeal, we review a sentence only when at first blush the sentence imposed appears to be disproportionate and manifestly unreasonable in light of the nature of the offense and the character of the offender. *Fointno v. State* (1986), Ind., 487 N.E.2d 140, 145; Ind.Appellate Rule 17(B)(1). If after review we determine that no reasonable person could find such sentence appropriate to the particular offense and offender, we will revise the sentence on appeal so as to make the sentence appropriate. *Beno v. State* (1991), Ind., 581 N.E.2d 922, 924; App.R. 17(B)(2). We may consider all the material available to the trial court at the time of sentencing. *Fointno*, 487 N.E.2d at 145.

 The evidence shows that Newsome was the ringleader of the conspiracy to sell cocaine. He supplied the cocaine, actively enlisted lieutenants to sell the cocaine and shared a percentage of the proceeds. Upon searching Newsome's residence, the police found a pager, walkie talkies, a police scanner and firearms, all of which Newsome used to further his cocaine enterprise and avoid detection by the police. The police also recovered a number of written "contracts" that Newsome executed in his cocaine distribution business. Each document was an identical, pre-printed form signed by the persons to

whom Newsome supplied cocaine and included an attestation that the persons were not agents of the Marion Police Department or otherwise involved with a drug task force. Indeed, Newsome showed a considerable degree of sophistication in dealing drugs.

Newsome also has an extensive criminal history, including convictions for criminal conversion and burglary. In light of the nature of the offense, the seriousness of the crime and the character of the offender, we cannot say that the sentence imposed appears to be disproportionate and manifestly unreasonable.

### CONSECUTIVE SENTENCES

The trial court ordered that Newsome's 50–year sentence for the conspiracy charge be served consecutively to the sentence imposed for his previous escape conviction. Newsome contends that the law mandates that the sentences be served concurrently.

 A trial court may not impose consecutive sentences without express statutory authority. *Lamirand v. State* (1994), Ind. App., 640 N.E.2d 79, 81 (citing *Kendrick v. State* (1988), Ind., 529 N.E.2d 1311). Whether sentences are to run consecutively or concurrently is governed by I.C. 35–50–1–2. At the time of Newsome's conviction and sentencing, I.C. 35–50–1–2 read:

(a) Except as provided in subsection (b) of this section, the court shall determine whether terms of imprisonment shall be served concurrently or consecutively.

(b) If, after being arrested for one (1) crime, a person commits another crime:

(1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or

(2) while the person is released:

(A) upon the person's own recognizance; or

(B) on bond;

the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

The State argues that I.C. 35–50–1–2 creates a "window" of time, beginning with one's arrest for a crime and ending with the termination of any resulting sentence from that arrest. The State contends that if a defendant commits a crime inside the "window" period, the sentence for that crime is to be served consecutively with the sentence for the original crime. From this, the State concludes that Newsome's crime of escape occurred during the "window" period that commenced when he was arrested on the conspiracy charge and, therefore, the two sentences must be served consecutively. We disagree.

Our Supreme Court has interpreted I.C. 35–50–1–2(a) as granting the courts general discretionary authority to impose consecutive sentences, subject to limitation.

The general authority is limited to those occasions when a court is meting out two or more terms of imprisonment. If a court is contemporaneously imposing two or more sentences, it is granted the general statutory authority to order them to be served consecutive to one another. Section (a) does no more than this.

*Seay v. State* (1990), Ind., 550 N.E.2d 1284, 1289, *reh'g denied* (citing *Kendrick*, 529 N.E.2d at 1312). In this case, Newsome was tried on the escape charge separately from the conspiracy charge. The trial court in this matter was not meting out two sentences and section (a) provided the trial court with no authority to order consecutive sentences.[1]

Indiana Code 35–50–1–2(b) establishes circumstances in which the imposition of consecutive sentences is mandatory. Our Supreme Court has spoken on the application of I.C. 35–50–1–2(b)(1),[2] and it is well-settled

---

1. Indiana Code 35–50–1–2(a) was recently amended and now provides that "[t]he court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time." This amendment became effective in 1994, after Newsome was tried in this matter, and is inapplicable to this case.

2. Indiana Code 35–50–1–2(b) was amended in 1987. Prior to the amendment, the text of I.C. 35–50–1–2(b) included only the language now found in subsection (b)(1). The legislature amended the statute to add the language found in subsection (b)(2). Unlike the recent amendment of section (a), the amended version of I.C.

that it "only applies if a defendant is on probation, parole, or serving a term of imprisonment at the time the other offenses were committed." *Hutchinson v. State* (1985), Ind., 477 N.E.2d 850, 857 (citing *Haggard v. State* (1983), Ind., 445 N.E.2d 969). When Newsome committed the crime of escape, he was not on probation, parole, or serving a term of imprisonment. Subsection (b)(1) does not mandate that the sentences be served consecutively.

Likewise, I.C. 35–50–1–2(b)(2) does not mandate consecutive sentences. Newsome was neither released upon his own recognizance nor released on bond when he committed the crime of escape. Subsection (b)(2) extends no authority to the court to order Newsome to serve his sentences consecutively. Therefore, I.C. 35–50–1–2 does not authorize the imposition of consecutive sentences in Newsome's case.

### CONCLUSION

The 50–year sentence for conspiracy to deal cocaine is AFFIRMED. The court's order imposing consecutive sentences for the crimes of escape and conspiracy to deal cocaine is REVERSED, and it is hereby ordered that the sentences shall run concurrently.

SHARPNACK, C.J., and STATON, J., concur.

35–50–1–2(b) is applicable in this case because its effective date was prior to Newsome's trial and sentencing.