David DRAGON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 06A05–0204–PC–173.

Court of Appeals of Indiana.

Aug. 28, 2002.

Susan K. Carpenter, Public Defender of Indiana, Lisa Malmer Johnson, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

While he was housed in the Boone County Jail awaiting sentencing on one crime, David Dragon committed a second crime. Dragon was ordered to serve his sentence on the second crime consecutive to the sentence on the first crime. Dragon then filed a Motion to Correct Erroneous Sentence, which the trial court denied. Dragon now appeals the denial of his Motion to Correct Erroneous Sentence and presents the following two issues for review:

1.  Whether the trial court's imposition of consecutive sentences was mandatory under Indiana Code Section 35–50–1–2(b)(1).

2.  Whether the trial court's imposition of consecutive sentences was permitted under Indiana Code Section 35–50–1–2(a).

We reverse and remand with instructions.

### FACTS AND PROCEDURAL HISTORY

In June 1990, Dragon was arrested and charged with criminal confinement and multiple counts of child molestation, and in August 1990, Dragon pleaded guilty to one count of child molestation. On September 21, 1990, while housed in the Boone County Jail awaiting sentencing on the first case, Dragon committed the crimes of attempted escape and battery. Then, on September 27, 1990, the trial court conducted a sentencing hearing in the first case and imposed a sentence of fifty years.

In November 1991, Dragon pleaded guilty to the charges in the second case and entered into a plea agreement, which provided for a maximum sentence of twenty years. In February 1992, the trial

court conducted a sentencing hearing in the second case and imposed a sentence of twenty years. The court ordered that Dragon serve the twenty-year sentence in the second case consecutive to the fifty-year sentence in the first case.

In September 2001, Dragon filed a Motion to Correct Erroneous Sentence pursuant to Indiana Code Section 35–38–1–15 and argued that his sentence in the second case was facially defective because the trial court lacked authority to order Dragon to serve his twenty-year sentence consecutive to his previous sentence. In January 2002, the trial court conducted a hearing on Dragon's motion and asked the parties to submit proposed findings and conclusions. In March 2002, the trial court issued its Findings of Fact, Conclusions of Law and Order Denying Motion to Correct Erroneous Sentence. This appeal ensued.

## DISCUSSION AND DECISION

### Standard of Review

■ Initially, we note that "[a] petition for post-conviction relief, not use of a motion to correct erroneous sentence, is the preferred procedure for presenting a sentencing error." *Funk v. State*, 714 N.E.2d 746, 748–49 (Ind.Ct.App.1999), *trans. denied.* However, a motion to correct erroneous sentence may be used to correct those errors where the sentence is erroneous on its face. *Id.* at 749. A trial court may correct an erroneous sentence when a sentence is facially defective.

*Mitchell v. State*, 726 N.E.2d 1228, 1243 (Ind.2000); Ind.Code § 35–38–1–15. A facially defective sentence is one which violates express statutory authority at the time the sentence is imposed. *Id.* A trial court's ruling on a motion to correct erroneous sentence is subject to appeal "by normal appellate procedures." *Id.* On appeal from a motion to correct erroneous sentence, we defer to the trial court's factual findings but review the trial court's legal conclusions *de novo.* *Id.* In this case, there are no disputed factual findings. Rather, we are asked only to review the trial court's legal determination that the sentencing court in Dragon's second case had statutory authority to order Dragon to serve the sentence in his second case consecutive to the sentence in his first case.[1]

### Consecutive Sentences Under Indiana Code Section 35–50–1–2

■ A trial court may not impose consecutive sentences absent express statutory authority. *Weaver v. State*, 664 N.E.2d 1169, 1170 (Ind.1996). "Whether sentences are to run consecutively or concurrently is governed by Indiana Code Section 35–50–1–2." *Newsome v. State*, 654 N.E.2d 11, 14 (Ind.Ct.App.1995), *trans. denied.* At the time Dragon committed the relevant offenses, that statute provided:

(a) Except as provided in subsection (b), the court shall determine whether terms of imprisonment shall be served concurrently or consecutively.

---

1. The trial court in this case entered extensive conclusions of law discussing Indiana Code Section 35–50–1–2 and the case law interpreting that statute. The trial court concluded that the imposition of consecutive sentences was *not* authorized by Indiana Code Section 35–50–1–2(a) or subsection (b)(2). The court further acknowledged a "split" in the cases from this court as to whether consecutive sentences are mandatory in cases like Dragon's, where a defendant commits a second offense after arrest for a first offense but before being sentenced in the first offense. However, the court ultimately concluded that the imposition of consecutive sentences was authorized by subsection (b)(1) of the statute. While the trial court's written conclusions are extremely helpful to us on appeal, we are not bound by these conclusions and review this legal question de novo. *Mitchell*, 726 N.E.2d at 1243.

(b) If, after being arrested for one (1) crime, a person commits another crime:

(1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or

(2) while the person is released:

(A) upon the person's own recognizance; or

(B) on bond;

the term of imprisonment shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

Ind.Code § 35–50–1–2. Subsection (a) of the statute gives the trial court discretion to determine whether terms of imprisonment shall be served concurrently or consecutively. *Haggard v. State*, 445 N.E.2d 969, 974 (Ind.1983). However, subsection (b) establishes circumstances in which the imposition of consecutive sentences is mandatory. *Newsome*, 654 N.E.2d at 14.

Dragon argues that the sentencing court lacked statutory authority to order him to serve his twenty-year sentence on his second offense consecutive to his fifty-year sentence on his first offense. Specifically, Dragon argues that Indiana Code Section 35–50–1–2(b)(1) is inapplicable as a matter of law because he was not on probation, parole, or serving a term of imprisonment at the time he committed his second offense. He further asserts that the court lacked discretion to impose consecutive sentences under subsection (a) because the court was not imposing two or more sen-

tences contemporaneously. We agree with Dragon.[2]

### A. Indiana Code Section 35–50–1–2(b)(1)

■ Indiana Code Section 35–50–1–2(b)(1) requires the imposition of consecutive sentences under certain circumstances.[3] As this court stated in *Newsome*, 654 N.E.2d at 14–15, "[o]ur [s]upreme [c]ourt has spoken on the application of I.C. 35–50–1–2(b)(1), and it is well-settled that it 'only applies if a defendant is on probation, parole, or serving a term of imprisonment at the time the other offenses were committed.'" (Citations and footnote omitted). Stated differently, our supreme court's interpretation of subsection (b)(1) is that "[a] defendant who has not been sentenced for offense one at the time he commits offense two does not fall under the mandatory sentences provision of the Code." *Sides v. State*, 490 N.E.2d 318, 320 (Ind.1986), *rev'd on other grounds on reh'g*, 507 N.E.2d 560 (Ind.1986); *see also Groff v. State*, 488 N.E.2d 711, 712 (Ind.1986) (stating where subsequent offense occurs *after* sentencing for a prior crime, I.C. § 35–50–1–2 applies to require mandatory consecutive terms); *Hutchinson v. State*, 477 N.E.2d 850, 857 (Ind.1985) (holding consecutive sentences not required where defendant committed second crime while in custody awaiting trial on earlier offense); *Haggard*, 445 N.E.2d at 973 (stating "[o]ur case law has clearly established that the mandatory section of this statute, section (b), only applies if a defendant is on pro-

---

**2.** In their briefs, both of the parties address subsection (b)(1) of the statute first because the trial court determined that subsection (b)(1) required consecutive sentences. As a result, we also address subsection (b)(1) first. We further note that the State concedes that subsection (b)(2) does not apply.

**3.** Indiana Code Section 35–50–1–2 has been amended since the time Dragon committed the relevant offenses. Subsection (b)(1) is now subsection (d).

bation, parole, or serving a term of imprisonment at the time the other offenses were committed."). In this case, Dragon committed attempted escape and battery while in jail awaiting sentencing on the child molestation offense. Because he committed the second offenses before he was sentenced on his first offense, consecutive terms were not mandatory under Indiana Code Section 35–50–1–2(b)(1).[4]

Still, both the trial court and the State invoke this court's opinion in *Harris v. State*, 671 N.E.2d 864 (Ind.Ct.App.1996), *trans. denied.* In that case, the defendant was arrested for the first offense, and while in jail awaiting trial, he committed the second offense. The defendant was sentenced on the second offense before he was sentenced on the first. The trial court then ordered the defendant to serve his sentence for the first offense consecutive to his sentence on the second offense. We affirmed the imposition of consecutive sentences pursuant to subsection (d), which was formerly subsection (b). *Id.* at 872.[5]

We agree with the parties that *Harris* conflicts with our supreme court precedent. *See Sides*, 490 N.E.2d at 320 ("[a] defendant who has not been sentenced for offense one at the time he commits offense two does not fall under the mandatory sentences provision of the Code.").[6] Nevertheless, the State asks that we "reconsider" supreme court precedent interpreting consecutive sentences under subsection (b)(1) and follow *Harris* instead. Dragon, on the other hand, asserts that we are constrained to follow supreme court precedent.

We are bound by the decisions of our supreme court. *See In re Petition to Transfer Appeals*, 202 Ind. 365, 376, 174 N.E. 812, 817 (1931). Supreme court precedent is binding upon us until it is changed either by that court or by legislative enactment. *Id.* While Indiana Appellate Rule 65(A) authorizes this Court to criticize existing law, it is not this court's role to "reconsider" supreme court decisions. Here, our supreme court has interpreted Indiana Code Section 35–50–1–2(b)(1) on numerous occasions, and its interpretation of that provision has been unwavering. We find merit in the State's contention that this interpretation provides no disincentive for defendants who are incarcerated from committing additional crimes prior to being sentenced on their initial crimes. But applying our supreme court's interpretation of Indiana Code Section 35–50–1–2(b)(1), we conclude that the trial court erred as a matter of law when it determined that subsection (b)(1) required the imposition of consecutive sentences on Dragon's second offense.

### B.  Indiana Code Section 35–50–1–2(a)

The State argues in the alternative that even if consecutive sentences were not mandatory under subsection (b)(1), the sentencing court had authority to impose consecutive sentences pursuant to subsection (a). In particular, the State contends that imposing consecutive sentences was within the court's discretion

---

4.  Because we find that subsection (b)(1) does not require consecutive sentences, we need not address Dragon's argument that the State is barred from relying on subsection (b)(1) as statutory authority because, at the sentencing hearing, the State argued that subsection (a) applied.

5.  *Harris* involved a pro se appeal from a pro se petition for post-conviction relief.

6.  We note that the trial court's conclusions do not discuss our supreme court's precedent. Rather, the court acknowledges a "split" among opinions of this court only.

because the crimes were related and were presided over by the same judge.

As an initial matter, the State concedes that at the time of Dragon's sentencing, which was prior to the 1994 legislative amendments to Indiana Code Section 35–50–1–2,[7] subsection (a) was interpreted to apply only on occasions where the court was imposing two or more sentences contemporaneously. *Kendrick v. State*, 529 N.E.2d 1311, 1312 (Ind.1988). As Chief Justice Shepard, writing for the court, stated in *Weaver*, 664 N.E.2d at 1170, "[s]ome time ago, we concluded that subsection (a) confers authority to impose consecutive sentences only on those occasions when the court is contemporaneously meting out two or more sentences." (Citations omitted).

Still, the State asserts that our courts have not always strictly applied the contemporaneous rule established in *Kendrick* and, in support of its assertion that Dragon's sentence is authorized by subsection (a), cites to *Elswick v. State*, 706 N.E.2d 592 (Ind.Ct.App.1999), *trans. denied. Elswick* involved a defendant who, while in jail awaiting trial on murder and attempted murder charges, attempted to arrange another murder of a witness-victim in the first case. The defendant had separate jury trials for each case before the same judge. After conviction in the second case, the trial court ordered that his sentence in the second case run consecutive to the sentence in the first case. *Id.* at 593.

On appeal, Elswick argued that the trial court lacked discretion under subsection (a) of the statute to impose consecutive sentences in light of *Kendrick.* This court disagreed, relying on the supreme court's opinion in *Buell v. State*, 668 N.E.2d 251 (Ind.1996). The court in *Buell* held that the trial court had discretion to impose consecutive sentences under subsection (a) for "closely related offenses that were first charged in the same information and all tried in the same court." *Id.* at 252. Even though the offenses in *Elswick* were not initially charged in the same information, we determined that because Elswick's offenses were closely related and were tried before the same court, the trial court had discretion to impose consecutive sentences under subsection (a). *Elswick*, 706 N.E.2d at 595; *but see, id.* at 595–96 (Sullivan, J. dissenting).

In this case, there is no dispute that the same court accepted Dragon's guilty pleas and entered sentencing on both cases. However, unlike in *Buell* and *Elswick*, where the offenses were either originally part of the same charging information or closely related, Dragon's offenses were in no way connected. The State argues that Dragon's crimes were closely related because "he attempted to escape from jail because he was in despair over the lengthy sentence he was on the verge of receiving in his molestation conviction." We cannot agree. Such a connection is attenuated at best. The mere fact that a defendant is sentenced in separate cases in the same trial court is insufficient to apply the *Kendrick* exception. Therefore, we hold that the sentencing court lacked authority under Indiana Code Section 35–50–1–2(a) to impose consecutive sentences.

## CONCLUSION

We conclude that the trial court erred as a matter of law when it denied Dragon's Motion to Correct Erroneous Sentence in that the sentencing court lacked statutory authority to impose consecutive sentences. Dragon's sentence is facially defective. We reverse and remand to the trial court

7. Amendments which became effective in 1994 "essentially overturned the contemporaneity requirement" under subsection (a). *Weaver*, 664 N.E.2d at 1170–71.

with instructions to resentence Dragon in accordance with Indiana Code Section 35–38–1–15.

Reversed and remanded with instructions.

BAILEY, J., and ROBB, J., concur.