**Larry R. WILLIAMS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 29A02–0209–CR–806.**

Court of Appeals of Indiana.

April 30, 2003.

---

Annette Fancher Bishop, Carmel, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge.

Larry R. Williams appeals his sentence for Failure to Return to Lawful Detention,[1] a class D felony, which the trial court imposed consecutively to his sentence in another case. Williams presents the following restated issue for review: Did the trial court properly determine that imposition of consecutive sentences was mandatory under Ind.Code Ann. § 35–50–1–2(d) (West, Premise through 2002 1st Special Sess.)?

We remand.

In February 2002, Williams was being held in the Hamilton County Jail pending trial on two counts of class A felony dealing in cocaine. By order dated February 25, 2002, the Hamilton County Circuit Court granted Williams temporary leave to attend his father's funeral on February 26, 2002. Pursuant to the order, Williams was to "be released to Joe McCaslin on February 26, 2002, at 10:30 a.m. to return to the Hamilton County Jail on the same day, at 3:00 p.m." *State's Exhibit* 3. When Williams did not return as ordered, the assistant jail commander contacted Hamilton County Deputy Sheriff Todd Uhrick. Around 6:00 that evening, Deputy Uhrick located Williams in a motel room in Indianapolis with his girlfriend. Deputy Uhrick returned Williams to jail.

The State charged Williams with failure to return to lawful detention. Following a jury trial on April 11, 2002, the jury found Williams guilty as charged. The trial court set the case for sentencing on May 15, 2002. In the interim, Williams was convicted and sentenced to a total of thirty-six years in prison on the dealing in cocaine charges. He was sentenced on May 29, 2002, on the instant conviction, to

---

1. Ind.Code Ann. § 35–44–3–5 (West, PREMISE through 2002 1st Special Sess.).

the maximum sentence of three years in prison, to be served consecutively to the sentence in the dealing case. Williams now appeals, arguing that the trial court erroneously assumed that I.C. § 35–50–1–2(d) mandated the imposition of a consecutive sentence.

■ A trial court may not impose consecutive sentences absent express statutory authority. *Dragon v. State*, 774 N.E.2d 103 (Ind.Ct.App.2002), *trans. denied*. I.C. § 35–50–1–2 governs whether sentences are to run consecutively or concurrently. This statute provides in relevant part:

(c) Except as provided in subsection (d) or (e), the court shall determine whether terms of imprisonment shall be served concurrently or consecutively. The court may consider the aggravating and mitigating circumstances in IC 35–38–1–7.1(b) and IC 35–38–1–7.1(c) in making a determination under this subsection. The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time. However, except for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35–50–2–8 and IC 35–50–2–10, to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the presumptive sentence for a felony which is one (1) class of felony higher than the most serious of the felonies

for which the person has been convicted.

(d) If, after being arrested for one (1) crime, a person commits another crime:

(1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or

(2) while the person is released:

(A) upon the person's own recognizance; or

(B) on bond;

the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

I.C. § 35–50–1–2. Thus, subsection (c) of the statute provides the trial court with discretion to determine whether terms of imprisonment shall be served concurrently or consecutively. Subsection (d), on the other hand, establishes circumstances in which the imposition of consecutive sentences is mandatory. Here, the trial court's statements at sentencing indicate that it regarded consecutive sentences as mandatory under I.C. § 35–50–1–2(d)(1).

■ The State concedes that at the time Williams committed the instant offense, he was not released on bond or his own recognizance[2] nor had he been convicted and sentenced on the dealing charges. The State further acknowledges that Indiana courts, including our supreme court, have

---

2. While one might argue that the temporary release here was akin to being released on one's own recognizance, the State does not advance such an argument in this appeal. Moreover, we note that the ordinary and usual meaning of the phrase "released on own recognizance" does not encompass the circumstances in this case. Based on our duty

to strictly construe the language in a penal statute against the State, such an extension of the statute would be unwise. *See Pennington v. State*, 426 N.E.2d 408, 410 (Ind.1981) ("adherence to the rule of strict construction is demanded even though it might be argued the legislature's statutory proscription should have been more comprehensive").

held on multiple occasions that I.C. § 35–50–1–2(d)(1) applies only if the person has already been sentenced on the first crime. The State asks that we reject this interpretation of the statute, arguing that such interpretation is contrary to the plain language of the statute and unwise as a matter of public policy.

In *Dragon v. State*, 774 N.E.2d 103, we were recently confronted with a similar request by the State. We denied the State's request, stating in part:

> As this court stated in *Newsome [v. State ]*, 654 N.E.2d [11,] 14–15, [(Ind.Ct. App.1995), *trans. denied,*] "[o]ur [s]upreme [c]ourt has spoken on the application of I.C. 35–50–1–2( [d] )[3](1), and it is well-settled that it 'only applies if a defendant is on probation, parole, or serving a term of imprisonment at the time the other offenses were committed.'" (Citations and footnote omitted). Stated differently, our supreme court's interpretation of subsection ( [d] )(1) is that "[a] defendant who has not been sentenced for offense one at the time he commits offense two does not fall under the mandatory sentences provision of the Code." *Sides v. State*, 490 N.E.2d 318, 320 (Ind.1986), *rev'd on other grounds on reh'g*, 507 N.E.2d 560 (Ind. 1986); *see also Groff v. State*, 488

N.E.2d 711, 712 (Ind.1986) (stating where subsequent offense occurs after sentencing for a prior crime, I.C. § 35–50–1–2 applies to require mandatory consecutive terms); *Hutchinson v. State*, 477 N.E.2d 850, 857 (Ind.1985) (holding consecutive sentences not required where defendant committed second crime while in custody awaiting trial on earlier offense)[.]

\* \* \*

We are bound by the decisions of our supreme court. *See In re Petition to Transfer Appeals*, 202 Ind. 365, 376, 174 N.E. 812, 817 (1931). Supreme court precedent is binding upon us until it is changed either by that court or by legislative enactment. *Id.* While Indiana Appellate Rule 65(A) authorizes this Court to criticize existing law, it is not this court's role to "reconsider" supreme court decisions. Here, our supreme court has interpreted Indiana Code Section 35–50–1–2( [d] )(1) on numerous occasions, and its interpretation of that provision has been unwavering. We find merit in the State's contention that this interpretation provides no disincentive for defendants who are incarcerated from committing additional crimes prior to being sentenced on their initial crimes.[4] But applying our supreme court's interpretation of Indiana Code

---

3. We note that at the time Dragon was sentenced, the portion of I.C. § 35–50–1–2 dealing with mandatory consecutive sentences was found in subsection (b) rather than subsection (d).

4. There was merit in the State's contention in *Dragon v. State* because, under the statute as it existed when Dragon was sentenced, discretionary authority to impose a consecutive sentence was limited to those occasions when the court was contemporaneously imposing two or more sentences. *See Dragon v. State*, 774 N.E.2d 103. The statute has since been

amended and now provides the trial court with discretion to order consecutive sentences "even if the sentences are not imposed at the same time." I.C. § 35–50–1–2(c). Under the amended provision, we can no longer find merit in the State's contention that incarcerated defendants essentially have a "free ride" to commit additional crimes prior to being sentenced on their initial crime. *Appellant's Brief* at 9. We observe that such defendants still face the possibility of consecutive sentences pursuant to the trial court's discretionary authority.

Section 35–50–1–2( [d] )(1), we conclude that the trial court erred as a matter of law when it determined that subsection ([d])(1) required the imposition of consecutive sentences on Dragon's second offense.

*Dragon v. State*, 774 N.E.2d at 106–07 (citation omitted).[5]

█ Here, the trial court similarly erred. Because Williams committed the instant offense before he was convicted and sentenced on his dealing offenses, consecutive terms were not mandatory under I.C. § 35–50–1–2(d)(1). Of course, the trial court still has the authority, pursuant to I.C. § 35–50–1–2(c), to sentence Williams to consecutive terms upon review of the valid aggravating circumstances and one mitigating circumstance previously set forth by the trial court. Therefore, we remand this cause to the trial court for a determination of whether, within its discretion, consecutive sentences are appropriate.

Cause remanded for resentencing.

BROOK, C.J., and MATTINGLY–MAY, J., concur.

**5.** Our supreme court initially granted the State's request for transfer in *Dragon v. State.* Two days after hearing oral argument on February 19, 2003, however, the court determined that transfer was improvidently granted and vacated its earlier grant of transfer. The supreme court then denied transfer and reinstated our earlier opinion.