## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 23 2016, 9:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrew J. Sickman
Boston Bever Klinge Cross & Chidester
Richmond, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Marvon Cole,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

May 23, 2016

Court of Appeals Case No.
89A04-1508-CR-1248

Appeal from the Wayne Circuit Court

The Honorable David A. Kolger, Judge

Trial Court Cause No.
89C01-1408-F6-280

**May, Judge.**

[1] Marvon Cole was convicted of Level 6 felony possession of a narcotic drug,[1] Class A misdemeanor possession of a controlled substance,[2] and Class B misdemeanor possession of marijuana.[3] He was also found to be an habitual offender.[4] The court ordered the six-year sentence imposed in 89C01-1408-F6-280 ("FC-280"), the cause number in the current case, to be served consecutive to Cole's sentence under cause number 89D03-1404-FC-39 ("FC-39").[5] Cole appeals the order that the current sentence be served consecutive to the sentence in FC-39. We affirm.

## Facts and Procedural History

[2] Cole was in the Wayne County Jail awaiting trial on a charge under FC-39 of Class C felony operating a motor vehicle while privileges are forfeited for life.[6] Jail staff noticed an odor of marijuana coming from the unit where Cole was housed. Upon inspection, deputies discovered a plastic bag containing marijuana, heroin, buprenorphine, and a match secreted behind the intercom

---

[1] Ind. Code § 35-48-4-6(a) (2014).

[2] Ind. Code § 35-48-4-7(a) (2014).

[3] Ind. Code § 35-48-4-11(a)(1) (2014).

[4] Ind. Code § 35-50-2-8 (2014).

[5] We note Cole's brief refers to the cause number for that case as "89D03-1404-CM-000039," (Appellant's Amended Br. at 1), but other documents confirm the correct cause number is "89D03-1404-FC-39." (*See*, *e.g.*, App. at 138, 140.) His sentence of three years also indicates the crime was not a misdemeanor. *See* Ind. Code § 35-50-3-2 (maximum sentence for a Class A misdemeanor is one year).

[6] Ind. Code § 9-30-10-17 (2013).

faceplate in Cole's cell.  The State charged him with possession of those items under FC-280.

[3]     On August 25, 2014, the court sentenced Cole to three years under FC-39.  On May 17, 2015, a jury found Cole guilty of the charges in FC-280, and the court imposed a six-year aggregate sentence.  Thereafter, the trial court questioned whether the sentences in the two cases were required to run consecutively because the current crimes occurred while Cole was in jail for FC-39.  After discussion with the parties, the trial court announced it would order consecutive sentences even if it had discretion to order them served concurrently:

> I think it's mandatorily consecutive.  And if it's not, [Public Defender], I cannot imagine a circumstance where the defendant should get the benefit to [sic] concurrent sentencing by committing a crime while he's incarcerated.  I – I – I just can't imagine that.  So, if it – I'm taking the position that it's mandatorily consecutive.  It's not – if it's not, it's going to be my discretion that it be served consecutive.

(Tr. at 449.)

## Discussion and Decision

[4]     Cole asserts the trial court erred to the extent it believed it was required to order consecutive sentences.  It did, but the error was harmless in light of the court's other statements at sentencing.

[5]     A trial court must have statutory authority to impose consecutive sentences. *Dragon v. State*, 774 N.E.2d 103, 105 (Ind. Ct. App. 2002), *trans. denied.*  Ind.

Code § 35-50-1-2 controls whether sentences may be consecutive or concurrent. In part, it states:

> (d) If, after being arrested for one (1) crime, a person commits another crime:
>
> > (1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or
> >
> > (2) while the person is released:
> >
> > > (A) upon the person's own recognizance; or
> > >
> > > (B) on bond;
> >
> > the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

Ind. Code § 35-50-1-2(d).[7]

[6] That language does not require consecutive sentences when, as here, a second offense was committed before sentencing for the first offense. *See Sides v. State*, 490 N.E.2d 318, 320 (Ind. 1986) ("defendant who has not been sentenced for offense one at the time he commits offense two does not fall under the

---

[7] After Cole's offenses, the language of subsection (d) was moved to subsection (e). *See* P.L. 238-2015, SEC. 16, eff. July 2015.

mandatory sentences provision of the Code"), *rev'd on other grounds on reh'g*, 507 N.E.2d 560 (Ind. 1986); *Hutchinson v. State*, 477 N.E.2d 850, 857 (Ind. 1985) (consecutive sentences not mandatory if defendant committed the second offense while awaiting sentencing on the first). Thus, because Cole committed the offenses in FC-280 while he was in jail awaiting trial on FC-39, Indiana Code § 35-50-1-2(d) did not mandate Cole's sentences for the offenses in FC-280 to be served consecutive to the sentence for FC-39, and the trial court erred to the extent it determined the sentences for Cole's crimes were "mandatorily consecutive." (Tr. at 449.)

[7] Nevertheless, any error was harmless because the trial court explained what it would do if it had discretion:

> I cannot imagine a circumstance where the defendant should get the benefit to [sic] concurrent sentencing by committing a crime while he's incarcerated. I – I – I just can't imagine that. So, if it – I'm taking the position that it's mandatorily consecutive. It's not – if it's not, it's going to be my discretion that it be served consecutive.

(*Id.* at 449.) In light of the court's statement, we cannot agree with Cole's assertion the court "never really exercised any discretion at all." (Appellant's Amended Br. at 10.)[8]

---

[8] The trial court had discretion to order consecutive or concurrent sentences. *Sandleben v. State*, 29 N.E.3d 126, 135 (Ind. Ct. App. 2015), *trans. denied.* Cole does not argue the trial court would have abused its discretion by ordering consecutive sentences. Accordingly we need not review the court's exercise of discretion.

# Conclusion

[8] As the court exercised its discretion, Cole's only argument fails. Accordingly, we affirm.

[9] Affirmed.

Baker, J., and Brown, J., concur.