## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 13 2017, 9:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Ruth Johnson
Marion Public Defender Agency
Appellate Division
Indianapolis, Indiana

Lisa M. Johnson
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Darrell Lewis, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 13, 2017

Court of Appeals Case No.
49A02-1609-CR-2154

Appeal from the
Marion Superior Court

The Honorable
Lisa F. Borges, Judge

Trial Court Cause No.
49G04-1510-F3-36879

**Kirsch, Judge.**

[1] Darrell Lewis, Jr. ("Lewis") was convicted after a jury trial of robbery[1] as a Level 5 felony and was sentenced to five years with one year suspended. Lewis appeals his conviction, raising the following restated issue for our review: whether the rule allowing retrial after a deadlocked jury is unconstitutional under the Indiana Constitution.

[2] We affirm.

## Facts and Procedural History

[3] On October 8, 2015, Jorge Gutierrez ("Gutierrez") stopped at a gas station on his way home from work to purchase cigarettes. As he was exiting the gas station, two men, later identified as Lewis and Billy Guyton ("Guyton"), stopped him, and one of the men pointed a gun at Gutierrez, ordered him not to move, and demanded his money. The men took Gutierrez's money, cell phone, and cigarettes and threatened to shoot him if they saw him again. *Tr. Vol. 2* at 71.

[4] Gutierrez called 911, and while he was on the phone with dispatch, he again saw the men who robbed him and told the dispatcher that the men were entering a nearby apartment complex. Officers who responded to the scene found Guyton in the apartment complex; he initially fled from the police on foot, but was quickly apprehended, and Gutierrez identified Guyton as one of

---

[1] *See* Ind. Code § 35-42-5-1.

the men who robbed him. When Guyton was searched, the police found Gutierrez's cell phone and cigarettes in his possession. Gutierrez informed the police that several phone calls had been made on his phone to a number he did not recognize. Further investigation yielded information that the unknown phone number belonged to Lewis and that Guyton had made several calls to Lewis while Guyton was in possession of Gutierrez's cell phone. When shown a photo array by the police, Gutierrez identified Lewis as the second man who robbed him; Gutierrez also later identified Lewis in court as one of the men who robbed him.

[5] The State charged Lewis with Level 3 felony robbery, Level 4 felony unlawful possession of a firearm by a serious violent felon, Level 5 felony intimidation, and Level 5 felony carrying a handgun without a license. A bifurcated trial was held, and at the first stage, the jury found Lewis not guilty of Level 5 felony carrying a handgun without a license, but deadlocked and could not reach a verdict on the Level 3 felony robbery and Level 5 felony intimidation charges.[2]

[6] Lewis filed a motion to dismiss the robbery and intimidations charges, contending that it would violate double jeopardy to convict him of those charges, which had been elevated due to his possession of a deadly weapon during the commission of the crimes, when he had been acquitted of carrying a

[2] At the same trial, Guyton was convicted of Level 5 felony robbery and Level 6 felony intimidation. Guyton had not been charged with the handgun offenses, nor had his charges been enhanced due to the use of a deadly weapon in the commission of the crimes because Gutierrez had identified Lewis as the person who had been armed with the gun during the robbery.

handgun without a license. *Appellant's App. Vol. II* at 129-301. The trial court denied the motion. The State filed an amended charging information that charged Lewis with Level 5 felony robbery and Level 6 felony intimidation. A second jury trial was held, at the conclusion of which, the jury found Lewis guilty as charged. The trial court entered judgment only for the Level 5 felony robbery conviction and sentenced Lewis to five years with one year suspended to probation. Lewis now appeals.

## Discussion and Decision

[7] Lewis argues that his retrial after the jury deadlocked at his first trial was a violation of the double jeopardy clause and the fundamental fairness requirement of the Indiana Constitution. Lewis concedes that current precedent does not support his position, but instead requests this court to re-examine the current rule that allows retrial after a jury deadlocks and to recommend that the Indiana Supreme Court adopt a rule prohibiting a retrial after a deadlocked jury because the current rule violates the Indiana Constitution. We decline Lewis's invitation.

[8] Indiana courts have repeatedly and consistently held that it is not a double jeopardy violation when a defendant is retried after his first trial ends in a deadlocked jury. *See Cleary v. State*, 23 N.E.3d 664, 672-73 (Ind. 2015), *Young v. State*, 482 N.E.2d 246, 249 (Ind. 1985), *State v. Walker*, 26 Ind. 346, 352 (1866), *Kocielko v. State*, 938 N.E.2d 243, 251 (Ind. Ct. App. 2010), *trans. denied*, *Hoover v. State*, 918 N.E.2d 724, 733 (Ind. Ct. App. 2009), *trans. denied*. "It is well

settled that a hung jury operates to discharge the operation of double jeopardy and a new trial is not barred in such a situation." *Young*, 482 N.E.2d at 249. "'[T]he protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy.'" *Hoover*, 918 N.E.2d at 734 (quoting *Richardson v. United States*, 468 U.S. 317, 325 (1984)).

[9] Lewis requests that we re-examine the current rule that allows retrial after a jury deadlocks. We are bound by the decisions of our Supreme Court. *Robey v. State*, 7 N.E.3d 371, 384 (Ind. Ct. App. 2014) (citing *Dragon v. State*, 774 N.E.2d 103, 107 (Ind. Ct. App. 2002), *trans. granted*, *trans. vacated*), *trans. denied*. "Supreme court precedent is binding upon us until it is changed either by that court or by legislative enactment." *Id.* "While Indiana Appellate Rule 65(A) authorizes this court to criticize existing law, it is not this court's role to 'reconsider' Supreme Court decisions." *Id.* We also decline Lewis's request to recommend that the Indiana Supreme Court adopt a rule prohibiting a retrial after a deadlocked jury and find that the trial court did not err in allowing a retrial on two of his charges after Lewis's first trial ended in a deadlocked jury on those counts.

[10] Affirmed.

[11] Robb, J., and Barnes, J., concur.