Edward J. NIKSICH, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A05–9111–CR–360.

Court of Appeals of Indiana, Fifth District.

July 23, 1992.

Marce Gonzalez, Jr., Crown Point, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

BARTEAU, Judge.

Edward J. Niksich appeals his conviction for attempted murder, raising two issues:

1. Whether the trial court erred in ordering that ten years of the 30–year sentence imposed be served consecutive to the sentence imposed in a prior, unrelated conviction; and

2. Whether the jury's verdict of guilty is so extremely contradictory and irreconcilable with its verdict of not guilty on the attempted robbery charge that a new trial is warranted.

We affirm in part and reverse in part.

### FACTS

On May 7, 1990, in the early morning hours, Maria Sustaita pulled up to a cash machine to make a withdrawal. She got out of her car and walked up to the machine. While she was reading the instructions, a man came up to her from behind the machine. He asked her to give him a ride to the highway. When she refused, the man said to her, "Now wait a minute, bitch, take out all of your money, all of the cash, and then give me a ride to the highway or you'll die here and then." (R. 190).

Sustaita then began walking slowly backwards around her car to the driver's door. When she got in the car, the man had gotten in the passenger side. Once in the car, Sustaita saw that the man was holding a gun. The record does not make it clear whether he was holding the gun when he demanded money from her. Sustaita drove across the street to a gas station in the hopes that the gas attendant would see she needed help. When she pulled into the station, she and the man struggled for control of the steering wheel. The man then got out of the car, told Sustaita he was going to shoot her anyway, and then did shoot her, wounding her in her side. Sustaita subsequently identified Niksich as her assailant.

Niksich was charged with attempted robbery and attempted murder. The jury acquitted him of the attempted robbery charge and convicted him of attempted murder. The trial court sentenced Niksich to thirty years in prison. Ten years of the sentence were ordered to be served consecutive to a previous imposition of two consecutive forty-year sentences in an unrelated cause heard by the same trial judge.

## SENTENCING

Niksich first argues that the trial court was not authorized to order ten years of the sentence to be served consecutive to the prior sentence. The State agrees with Niksich that the trial court's sentence is not authorized by statute. A trial court's authority to order consecutive sentences is contained in Ind.Code 35–50–1–2. I.C. 35–50–1–2(a) grants the trial court discretion to determine whether terms of imprisonment will be served concurrently or consecutively. Subsection (b) makes it mandatory for the trial court to impose consecutive sentences in certain instances. The mandatory provision is not at issue here.

The Supreme Court has recently reiterated its restrictive interpretation of I.C. 35–50–1–2(a):

> The general authority is limited to those occasions when a court is meting out two or more terms of imprisonment. If a court is *contemporaneously* imposing two or more sentences, it is granted the general statutory authority to order them to be served consecutive to one another. Section (a) does no more than this.

*Seay v. State* (1990), Ind., 550 N.E.2d 1284, 1289, *reh'g denied* (quoting *Kendrick v. State* (1988), Ind., 529 N.E.2d 1311, 1312) (our emphasis). Relying on *Seay*, we agree that the trial court here did not have the authority to order any part of the sentence to be served consecutive to Niksich's prior imposed sentence. We therefore reverse that portion of the trial court's judgment and remand with instructions to vacate the imposition of consecutive sentencing.

## INCONSISTENT VERDICTS

Niksich also argues that the jury's verdicts are so contradictory and irreconcilable that corrective action by this court is warranted. Our Supreme court has stated that

> it is not within our province to attempt to interpret the thought process of the jury in arriving at their verdict.... The reason for allowing the jury to render verdicts, that are seemingly inconsistent, inheres within our system of jurisprudence. The jurors are the triers of fact, and in performing this function, they may attach whatever weight and credibility to the evidence as they believe is warranted.

*Hoskins v. State* (1990), Ind., 563 N.E.2d 571, 577 (quoting *Hicks v. State* (1981), Ind., 426 N.E.2d 411, 414). We will review findings and verdicts to determine whether they are consistent; however, perfect logical consistency is not demanded and only extremely contradictory and irreconcilable verdicts warrant corrective action. *Hoskins, supra.* We do not agree with Niksich that the verdicts here are extremely contradictory and irreconcilable. The information alleged that Niksich attempted to take money from the presence of Sustaita by pointing a handgun at and demanding money from Sustaita. The jury could have determined that the State did not prove this because Sustaita did not see the gun until she was in the car with Niksich, after Niksich had demanded money. Niksich did not make another demand for money when he was threatening Sustaita with the gun. Thus, the jury could consistently acquit on the attempted robbery charge and convict on the attempted murder charge.

The judgment of the trial court is reversed with respect to consecutive sentencing and is in all other respects affirmed.

RUCKER and SULLIVAN, JJ., concur.