Steven P. WEAVER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 30S00–9506–CR–640.

Supreme Court of Indiana.

May 10, 1996.

---

Susan K. Carpenter, Public Defender, Stephen T. Owens, Deputy Public Defender, Indianapolis, for Appellant.

Pamela Carter, Attorney General, James A. Joven, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

Appellant Steven P. Weaver pled guilty to murder in Hancock Circuit Court. The trial court sentenced him to sixty years in prison and ordered the sentence to run consecutively to sentences previously imposed for unrelated offenses in other counties.[1]

Weaver subsequently filed a motion to correct erroneous sentence. Citing a provision of the criminal code governing consecutive and concurrent sentences, Ind.Code Ann. § 35–50–1–2 (West Supp.1993), he claimed that the trial court did not have authority to order consecutive sentences. The trial court denied the motion. We reverse.

■ A trial court cannot order consecutive sentences absent express statutory authority. *Lamirand v. State,* 640 N.E.2d 79, 81 (Ind.Ct.App.1994) (quoting *Kendrick v. State,* 529 N.E.2d 1311, 1311–12) (Ind.1988). When Weaver was sentenced, the code provided sentencing authority as follows:

(a) Except as provided in subsection (b) the court shall determine whether the terms of imprisonment shall be served concurrently or consecutively.

(b) If, after being arrested for (1) crime, a person commits another crime:

(1) Before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or

(2) while the person is released:

(A) upon the person's own recognizance; or

(B) on bond;

the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

Ind.Code Ann. § 35–50–1–2 (West Supp. 1993) (amended 1994 & 1995).

Subsection (b) required imposing consecutive sentences under some circumstances when a person commits one crime after having been arrested for another. Here, all three crimes occurred before Weaver was arrested for any of them. Thus, the trial court could act only under subsection (a) of the statute, and it explained several reasons for imposing the consecutive sentences.

Some time ago, we concluded that subsection (a) confers authority to impose consecutive sentences only on those occasions when the court is contemporaneously meting out two or more sentences. *Seay v. State,* 550 N.E.2d 1284, 1289 (Ind.1990) (quoting *Kendrick,* 529 N.E.2d at 1312); *see also Menifee v. State,* 601 N.E.2d 359 (Ind.Ct.App.1992). Weaver committed three crimes on three separate occasions. The Hancock Circuit Court was not imposing contemporaneous sentences for all of them.

The Attorney General offers several reasons why the sentence should be maintained. She argues that the limitation on trial court authority first articulated in *Kendrick* in a passage she labels dicta is incorrect because there is no language in the statute about this limitation. She also points out that a 1994 amendment of the statute allows consecutive sentences even if they are not imposed at the same time. The Attorney General has argued these grounds capably, but we regard the meaning of the pre–1994 statute as a settled matter. Under the statute as it existed when Weaver was sentenced, authority to impose a consecutive sentence was limited to those occasions when the court was contemporaneously imposing two or more sentences. *Seay* 550 N.E.2d at 1289. Although the legislature essentially overturned the contemporaneity requirement of *Seay* and *Kendrick* with the 1994 amendment,[2] the legislation

---

**1.** Before his conviction in this case, Weaver had been convicted of murder in Boone County and attempted murder in Marion County.

**2.** The amendment provided: "The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time." Pub.L. No. 164–1994, sec. 1, 1994 Ind. Acts 1880, 1881 (codified at Ind.Code § 35–50–1–2(a)) (West Supp.1994).

doing so became effective after Weaver's sentence was imposed.[3]

The Hancock Circuit Court acted beyond the scope of its statutory authority. Accordingly, we direct that the sentence begin running on the day it was imposed, with appropriate time for pre-judgment incarceration.

DeBRULER, DICKSON, SULLIVAN and SELBY, JJ., concur.

---

**3.** The amendment became effective in 1994. *Id.* Weaver was tried in 1990.