ATTORNEY FOR APPELLANT ATTORNEYS FOR APPELLEE

Howard Howe Jeffrey A. Modisett

Indianapolis, Indiana       Attorney General of Indiana

John B. Herriman

Deputy Attorney General

Indianapolis, Indiana

In The

INDIANA SUPREME COURT

                 TONY BERRY, ) 

Defendant-Appellant, ) 

)

v. ) 49S00-9612-CR-739

) STATE OF INDIANA, )

Plaintiff-Appellee. )

                          ________________________________________________  

APPEAL FROM THE MARION SUPERIOR COURT

The Honorable Gary L. Miller, Judge

Cause No. 49G05-9510-CF-151127

                        _________________________________________________

On Direct Appeal       

DICKSON, J.

The defendant-appellant, Tony Berry, was convicted of murder and robbery and sentenced to consecutive terms of sixty years for the murder and eight years for the robbery.  The trial court also ordered that these sentences run consecutive to a separate sentence for an unrelated conviction in another court.  In this direct appeal, the defendant claims that the evidence was insufficient to support his convictions and that the sentence consecutive to the unrelated conviction was error.  

An appellate claim of insufficient evidence will prevail if, considering the probative evidence and reasonable inferences that support the judgment, and without weighing evidence or assessing witness credibility, we conclude that no reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.  
Case v. State
, 458 N.E.2d 223, 226 (Ind. 1984); 
Loyd v. State
, 272 Ind. 404, 407, 398 N.E.2d 1260, 1264 (1980), 
cert. denied
, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

The evidence supporting the judgment reveals that the defendant spent the evening of October 12, 1995, with two other men, Carlton Holcomb and Gregory Ellis, visiting various clubs and driving around.  While driving near the Eagle Terrace Apartment Complex, the defendant noticed Edward White’s car, a white Buick Park Avenue with gold-colored rims.  The defendant stated that he wanted to get the rims from it.  Ellis, who was driving at the time, stopped at a corner to let the defendant out.  A short time later, Ellis and Holcomb decided to try to stop the defendant.  As they backed around the corner, Holcomb saw a flash and heard a shot.  The defendant then pulled up behind them, driving White’s car.  The three men drove away, stopped briefly at a hotel parking lot, and then drove to the area where police eventually found the victim’s car.  Ellis and Holcomb helped the defendant strip the car of three rims, the radio, and the battery.  The men then placed them in the trunk of the car Ellis was driving.  Holcomb testified that, while driving away from the victim’s car, the defendant admitted that “he walked up behind him and shot him.”  Record at 232.  A forensic pathologist testified that White’s death was caused by a gunshot to the back of the head.  The police technician recovered fingerprints from several items found in the car and from the outside of the car.  A fingerprint analyst identified the defendant’s fingerprints on the car and also identified fingerprints of both Holcomb and Ellis either on the car or on items found with the car.

The defendant offered an alibi witness at trial and attempted to portray Ellis and Holcomb as the perpetrators, explaining his own fingerprints on the car by offering the excuse that he later helped them strip the car after the crime had been committed.  He essentially asks us to reweigh the evidence, which we cannot undertake on appellate review.  There was sufficient evidence to support the jury’s conclusion that the defendant committed the murder and robbery.

The defendant next contends that the trial court had no authority to impose the sentences in this case consecutive to the sentence in a separate, unrelated case.  The applicable statute provides, in relevant part:  “The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time.”  
Ind. Code
 § 35-50-1-2(c) (Supp. 1996).  We have noted that this portion of the statute “essentially overturned the contemporaneity requirement” of previous cases.  
Weaver v. State
, 664 N.E.2d 1169, 1170 (Ind. 1996).  In 
Weaver
, the trial court imposed a sentence and ordered that it be served consecutive to sentences imposed in unrelated cases tried in different counties.  Because the statute had not yet gone into effect, the trial court lacked authority to impose the consecutive sentence.  
Id.
 at 1170-71.  Here, however, the defendant was sentenced on August 9, 1996, after the statutory provision went into effect.  The trial court therefore had authority to impose this sentence consecutive to the sentence in another case even though the two sentences were not contemporaneously imposed.

The convictions and sentence of the defendant are affirmed. 

SHEPARD, C.J., and BOEHM, J., concur.  SULLIVAN, J., dissents with separate opinion in which SELBY, J., concurs.

Attorney for Appellant

Howard Howe

Indianapolis, Indiana

Attorneys for Appellee

Jeffrey A. Modisett

Attorney General of Indiana

John B. Herriman

Deputy Attorney General

Indianapolis, Indiana

IN THE

INDIANA SUPREME COURT

TONY BERRY,

Appellant (Defendant below),

v.

STATE OF INDIANA,

Appellee (Plaintiff below).

)

) Supreme Court No.

) 49S00-9612-CR-739

)

) 

) 

)

)

)

APPEAL FROM THE MARION SUPERIOR COURT

The Honorable Gary L. Miller, Judge

Cause No. 49G05-9510-CF-151127

ON DIRECT APPEAL

SULLIVAN,  Justice, dissenting.

The defendant here contends that the trial court had no authority to require that his sentence here be served consecutively to that imposed at another time by another court.  I agree.

Some background is in order.  In 
Kendrick v. State
, 529 N.E.2d 1311, 1311 (Ind. 1988), we held:  “Trial courts, in the absence of express statutory authority, cannot order consecutive sentences, 
i.e.
, the commencement of a sentence cannot, in the absence of express statutory authority, be postponed.”  We further held that the authority of the trial court to determine “whether terms of imprisonment shall be served concurrently or consecutively,” granted in Ind. Code § 35-50-1-2(a), was “restrictive.  The general authority is limited to those occasions when the court is meting out two or more terms of imprisonment.”  
Kendrick
, 529 N.E.2d at 1312.  
Accord
, 
Seay v. State
, 550 N.E.2d 1284, 1289 (Ind. 1990).  

As such, the state of the law after 
Kendrick
 and 
Seay
 was that a consecutive sentence could only be imposed under Ind. Code § 35-50-1-2(a) if the sentence was consecutive to another sentence imposed (i) at the same time and (ii) by the same court.

In 1994, the legislature amended Ind. Code § 35-50-1-2 to provide: “The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time.”  1994 Ind. Acts. P.L. 164 § 1.  We confronted this amendment last year in 
Weaver v. State
, 664 N.E.2d 1169 (Ind. 1996).  There consecutive sentences had been imposed in violation of 
Kendrick
 before the effective date of the 1994 amendment and we found them invalid.  In the course of enunciating the result, we said: “Although the legislature essentially 
overturned the con­tem­poraneity requirement
 of 
Seay
 and 
Kendrick
 with the 1994 amendment, the legislation doing so became effective after Weaver’s sentence was imposed.  The . . . Court acted beyond the scope of its statutory authority.”  
Weaver
, 664 N.E.2d at 1170-71 (footnotes omitted; emphasis supplied).

To me the 
Weaver
 language indicates that the 1994 amendment overturned the contem­­poraneity requirement, 
i.e.
, the “same time” requirement, of 
Kendrick
 and 
Seay
 but not the “same court” requirement.  Because the sentence here was imposed consecutive to a sentence imposed by another court, I believe the trial court acted beyond its authority.

SELBY, J., concurs in dissent.