**Clifford J. ELSWICK, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 20A03–9804–PC–162.**

Court of Appeals of Indiana.

March 5, 1999.

Transfer Denied May 12, 1999.

John Pinnow, Greenwood, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Randi E. Froug, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

SHARPNACK, Chief Judge

Clifford Elswick appeals his sentence for conspiracy to commit murder. The sole issue raised is whether the trial court erroneously ordered him to serve the sentence consecutive to sentences imposed by the same judge for two prior convictions. We affirm.

The salient facts are undisputed. While jailed awaiting trial for the murder of Thurman Pulluiam and the attempted murder of David Kyle, Elswick attempted to arrange the murder of witness-victim Kyle. In separate jury trials before Judge Duffin, Elswick was first convicted on the murder and attempted murder charges, for which he was sentenced to consecutive terms of forty and thirty years. He was then convicted of conspiracy to murder Kyle, for which he was sentenced to fifty years to be served consecutively to the sentences for murder and attempted murder.

Elswick appealed his sentence for the conspiracy conviction asserting that it was manifestly unreasonable and that the trial court had relied upon improper aggravating factors. This court affirmed his sentence. *See Elswick v. State* (1991), 581 N.E.2d 469. Thereafter, Elswick filed a motion to correct erroneous sentence asserting that the trial court lacked the statutory authority to order his sentence for conspiracy to run consecutively to his prior convictions. Elswick now appeals the trial court's denial of this motion.

■ Elswick claims that the trial court had no authority to order his sentence for the conspiracy conviction to run consecutively to his prior sentences. In the absence of express statutory authority, trial courts cannot order consecutive sentences. *Kendrick v. State*, 529 N.E.2d 1311 (Ind.1988); *Watkins v. State*, 588 N.E.2d 1342, 1344 (Ind.Ct. App.1992). Indiana Code § 35–50–1–2 provides the trial court's authority to impose consecutive sentences. At the time of Elswick's offense, the statute provided as follows:

"(a) Except as provided in subsection (b) of this section, the court shall determine whether terms of imprisonment shall be served concurrently or consecutively.

(b) If, after being arrested for one (1) crime, a person commits another crime:

(1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or

(2) while a person is released:

(A) upon the person's own recognizance; or

(B) on bond;

the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences imposed."

I.C. § 35–50–1–2.[1]

Elswick argues that the trial court erroneously determined that it had the discretion

---

1. Based on our supreme court's interpretations of the statute, the trial court determined that it was not required to impose the sentence consecutively pursuant to I.C. § 35–50–1–2(b), which outlines the circumstances under which consecutive sentences are mandatory. As a result, the trial court proceeded to impose the consecutive sentence under § 35–50–1–2(a). *See Hutchinson*

under section (a) of the statute to order the sentence to be served consecutively. He cites to our supreme court's holding in *Kendrick v. State* in support of his contention. In *Kendrick*, our supreme court held that consecutive sentences were erroneous when ordered in connection with two unrelated cases that were heard in separate divisions of a county court. *Kendrick*, 529 N.E.2d at 1312. The court stated:

> "The language employed in Section (a) above by the legislature is restrictive. The general authority is limited to those occasions when a court is meting out two or more terms of imprisonment. If a court is contemporaneously imposing two or more sentences, it is granted the general statutory authority to order them to be served consecutive to one another. Section (a) does no more than this."

*Id.* Subsequent cases have strictly applied this holding. *See Seay v. State*, 550 N.E.2d 1284, 1289 (Ind.1990) (holding that the trial court had no authority to order a consecutive sentence for a drug dealing conviction where prior convictions for drug dealing had been imposed by a different court), *reh'g denied*; *Watkins*, 588 N.E.2d at 1345 (holding that the trial court lacked statutory authority to order defendant's sentence for battery to run consecutively to an earlier imposed sentence for unrelated convictions of rape and burglary); *Niksich v. State*, 596 N.E.2d 268, 270 (Ind.Ct.App.1992) (holding that the trial court lacked authority to order a sentence to run consecutive to a sentence imposed in an unrelated cause heard by the same trial judge). Recently, the supreme court restated the rule as "a consecutive sentence [can] only be imposed under Ind.Code § 35–50–1–2(a) if the sentence was consecutive to another sentence imposed (i) at the same time and (ii) by the same court." *Berry v.*

*State*, 689 N.E.2d 444, 446 (Ind.1997) (restating the *Kendrick* rule).[2]

■ However, we do not agree with Elswick's assertion that the rule in *Kendrick* applies to the facts before us. In each of the cases applying *Kendrick*, the trial court ordered a sentence to run consecutively to a sentence imposed at a different time, as in the case before us. However, in those cases the consecutive sentence was either tacked onto a sentence for an unrelated crime or was imposed by a different court. Here, the conspiracy conviction was closely related to Elswick's convictions for murder and attempted murder. Had Elswick succeeded in his conspiracy, he well might have avoided conviction of murder and attempted murder and would have accomplished the previously attempted murder of Kyle. In addition, the trial judge imposing the sentences presided over both trials.

Consequently, we conclude that the facts of this case are more closely aligned with those in *Buell v. State*. In *Buell*, the supreme court made an exception to the strict rule in *Kendrick*, holding that the trial court has the discretionary power to order consecutive sentences for closely related offenses, tried in the same court even where the sentences are not imposed contemporaneously. *Buell v. State*, 668 N.E.2d 251, 252 (Ind. 1996), *reh'g denied*. The court stated:

> "Unlike the situation in Kendrick, the judge in this case imposed consecutive sentences for *closely related offenses* that were first charged in the same information and *all tried in the same court*. But for the hung jury and subsequent mistrial, the court would have sentenced Buell on all counts contemporaneously. We agree with the State that the rule of Kendrick does

---

v. State, 477 N.E.2d 850, 857 (Ind.1985) (stating that "our case law has clearly established that the mandatory section of this statute, section (b), only applies if a defendant is on probation, parole, or serving a term of imprisonment at the time the other offenses were committed." (citing *Haggard v. State*, 445 N.E.2d 969 (Ind.1983))).

**2.** Although inapplicable to the case before us, revisions of this statute made subsequent to El-

swick's offenses have overturned the *Kendrick* contemporaneity requirement by adding the following language: "The court may order the terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time." I.C. § 35–50–1–2(c) (1997); *see also Berry v. State*, 689 N.E.2d 444, 446 (Ind.1997); *Weaver v. State*, 664 N.E.2d 1169, 1170 (Ind. 1996).

not apply. The court was authorized to impose consecutive sentences."

*Id.* at 252 (emphasis added).

■ Although Elswick points out that the charges in *Buell* were made in the same information, we do not find that fact to be central to the core of *Buell's* holding. The circumstance that empowers the trial court to impose a consecutive sentence is that the same court is imposing sentences for closely related offenses. This principle is supported by the supreme court's decision in *Hutchinson v. State,* decided prior to *Kendrick,* which stated that

> "section (a) gives the trial court the discretion to determine whether terms of imprisonment shall be served concurrently or consecutively *when evidence of the facts of each offense is before the court* as it was in this case."

*Hutchinson v. State,* 477 N.E.2d 850, 857 (Ind.1985) (emphasis added). Furthermore, the earlier attempted murder charge and the charge of conspiracy to commit murder could have been joined for trial under I.C. § 35-34-1-9 as they constitute a "series of acts connected together" or "parts of a single scheme or plan." I.C. § 35-34-1-9(a)(2). Both charges involved the same victim and it appears that the conspiracy to murder Kyle was merely an attempt to finish the prior unsuccessful attempt to kill him.

Unlike *Kendrick* and its progeny, the two causes here were closely related sharing a strong factual connection. Furthermore, because he had tried both cases, the facts of each case were before Judge Duffin when he ordered the consecutive sentence. Therefore, we hold that, under *Buell,* the trial court was within its discretion under I.C. § 35-50-1-2(a) to order Elswick's sentence for conspiracy to commit murder to run consecutively to his sentences for murder and attempted murder.

For the foregoing reasons, we affirm Elswick's sentence.

Affirmed.

BROOK, J. concurs.

SULLIVAN, J. dissents with separate opinion

SULLIVAN, Judge, dissenting

The case before us is unlike *Buell v. State* (1996) Ind., 668 N.E.2d 251, *reh'g denied.* In that case, our Supreme Court made clear that creation of the exception to the "contemporaneous" rule of *Kendrick v. State* (1988) Ind., 529 N.E.2d 1311 was based upon the fact that the two offenses "were first charged in the same information and all tried in the same court [at the same time]. But for the hung jury and subsequent mistrial, the court would have sentenced Buell on all counts contemporaneously." 668 N.E.2d at 252. Not so here. The conspiracy was charged separately from the other two offenses and there was no contemplation that they would be tried at the same time, and certainly there was no certainty that the conspiracy charge would be tried by the same judge.[3]

In 1994, our General Assembly amended the applicable Code provision, I.C. 35-50-1-2, and effectively overturned the "contemporaneous" rule. *Weaver v. State* (1996) Ind., 664 N.E.2d 1169. However, Elswick's convictions and sentences occurred in 1990, prior to the amendment. Furthermore, as observed in *Berry v. State* (1997) Ind., 689 N.E.2d 444, 446 (Sullivan J., dissenting), although the 1994 statutory amendment eliminated the "same time" requirement of *Kendrick,* it did not alter the "same court" requirement.

Here, the conspiracy conviction was before the same judge who presided over the other two convictions and in ordering consecutive sentences, the court relied upon *Hutchinson v. State* (1985) Ind., 477 N.E.2d 850, 857, for the proposition that consecutive sentences may be imposed if "evidence of the facts" of

---

**3.** In addition to the judge of the Elkhart Circuit Court, there are five Elkhart County Superior Court judges. I.C. 33-5-13.1-2 (Burns Code Ed. Repl.1998). Each of the five is vested with criminal jurisdiction. I.C. 33-5-13.1-3. Therefore, following Elswick's murder and attempted murder convictions, a conspiracy charge could presumably have been filed in a court presided over by a judge other than the Elkhart Circuit Court judge.

the prior crimes is before the court in the instant case. I find it particularly instructive that the *Hutchinson* case specifically held that a trial court may not take judicial notice of its own records in a prior separate case, but that such record may be a proper matter for evidence.

To me, the message is clear. The mere nebulous possible awareness of the trial judge with regard to evidence which may have been adduced in a prior proceeding or proceedings will not suffice for the imposition of consecutive sentences. In order to maintain some semblance of ordered judicial process, there should be a degree of evidentiary compliance. It does not appear that the facts of the murder and attempted murder trials were made a matter of evidence in the conspiracy trial. For this reason and because the "contemporaneous" rule of *Kendrick* is applicable, I would reverse and order resentencing.