**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**CLIFFORD J. ELSWICK**
New Castle Correctional Facility
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

FILED
Jun 19 2014, 9:09 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CLIFFORD J. ELSWICK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A05-1311-CR-553 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Charles C. Wicks, Special Judge
Cause No. 20C01-8911-CF-117

**June 19, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Clifford J. Elswick appeals the trial court's denial of his motion to correct erroneous sentence. Finding that the issue concerning his consecutive sentence has already been litigated, appealed, and affirmed by another panel of this Court, we affirm.

**Facts and Procedural History**

The facts as summarized by this Court in Elswick's 1999 appeal are as follows:

> While jailed awaiting trial for the murder of Thurman Pulluiam and the attempted murder of David Kyle, Elswick attempted to arrange the murder of witness-victim Kyle. In separate jury trials before Judge Duffin, Elswick was first convicted on the murder and attempted murder charges, for which he was sentenced to consecutive terms of forty and thirty years. He was then convicted of conspiracy to murder Kyle, for which he was sentenced to fifty years to be served consecutively to the sentences for murder and attempted murder.

> Elswick appealed his sentence for the conspiracy conviction asserting that it was manifestly unreasonable and that the trial court had relied upon improper aggravating factors. This court affirmed his sentence. *See Elswick v. State* (1991), 581 N.E.2d 469. Thereafter, Elswick filed a motion to correct erroneous sentence [("1997 Motion")] asserting that the trial court lacked the statutory authority to order his sentence for conspiracy to run consecutively to his prior convictions.

*Elswick v. State*, 706 N.E.2d 592, 593 (Ind. Ct. App. 1999), *trans. denied*. On appeal, another panel of this Court affirmed, holding that because the same trial court was imposing sentences for closely connected offenses, the court had the authority to impose the sentences consecutively. *Id*. at 596. Our supreme court denied transfer.

In May 2012, Elswick filed a second motion to correct erroneous sentence ("2012 Motion"), once again challenging the legality of his consecutive sentences. In August 2013, the trial court held a hearing on the 2012 Motion. In September 2013, Elswick filed a motion

to correct error. The trial court denied both motions in an order dated October 25, 2013. He now appeals pro se.

## Discussion and Decision

Elswick challenges the trial court's denial of his 2012 Motion. We review a trial court's ruling on a motion to correct erroneous sentence using an abuse of discretion standard. *Davis v. State*, 978 N.E.2d 470, 472 (Ind. Ct. App. 2012). A motion to correct erroneous sentence is a statutory matter, derived from Indiana Code Section 35-38-1-15, which states,

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

The statute provides "prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence." *Robinson v. State*, 805 N.E.2d 783, 785 (Ind. 2004) (citation omitted). A motion to correct sentence is appropriate only when the sentence is "erroneous on its face." *Id*. at 786.

In his 1997 Motion, his 2012 Motion, and his motion to correct error, Elswick cited as facial error the trial court's imposition of consecutive sentences. Indiana Code Section 35-5-1-2 authorizes consecutive sentences in certain circumstances. At the time of Elswick's offenses, the statute provided as follows:

> (a) Except as provided in subsection (b) of this section, the court shall determine whether terms of imprisonment shall be served concurrently or consecutively.

3

(b) If, after being arrested for one (1) crime, a person commits another crime:

> (1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or
>
> (2) while a person is released:
>
>> (A) upon the person's own recognizance; or
>>
>> (B) on bond;

the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences imposed.

*Id*. (1987).[1]

In denying Elswick's 2012 Motion, the trial court concluded that the consecutive sentencing issue had been litigated and therefore was barred by res judicata. In *Reed v. State*, 856 N.E.2d 1189 (Ind. 2006), our supreme court described res judicata as a doctrine that

> bars a later suit when an earlier suit resulted in a final judgment on the merits, was based on proper jurisdiction, and involved the same cause of action and the same parties as the later suit. As a general rule, when a reviewing court decides an issue on direct appeal, the doctrine of *res judicata* applies, thereby precluding its review in [subsequent proceedings such as] post-conviction proceedings. The doctrine of *res judicata* prevents the repetitious litigation of that which is essentially the same dispute.

*Id*. at 1194. A defendant "cannot escape the effect of claim preclusion merely by using different language to phrase an issue and define an alleged error." *Id*. Where the defendant

---

[1] The Indiana General Assembly subsequently amended the statute to specifically address consecutive sentencing in cases where the defendant's sentences were not imposed at the same time. *See* Ind. Code § 35-50-1-2(c) (1994) ("The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time.").

simply designates an issue differently than in his previous proceedings, the State may still defend on res judicata grounds. *Id*.

In addition to raising res judicata, the State also cites the "law of the case" doctrine. According to this doctrine, "an appellate court's determination of a legal issue binds the trial court and ordinarily restricts the court on appeal in any subsequent appeal involving the same case and relevantly similar facts." *Hopkins v. State*, 782 N.E.2d 988, 990 (Ind. 2003). Unlike the doctrine of res judicata, the law of the case doctrine is a discretionary tool by which the appellate courts decline to revisit previously determined legal issues in the same case on substantially the same facts. *Cutter v. State*, 725 N.E.2d 401, 405 (Ind. 2000). The purpose of the law of the case doctrine is to promote finality and judicial economy. *Id*. It applies "only to those issues actually considered and decided on appeal." *Id*. (citations omitted).

In Elswick's appeal of his 1997 Motion, he relied on and distinguished the same consecutive sentencing cases as those included in his current appellant's brief. In that appeal, another panel of this Court fully addressed, analyzed, and distinguished those cases and affirmed Elswick's consecutive sentence, emphasizing that the "circumstance that empowers the trial court to impose a consecutive sentence is that the same court is imposing sentences

for closely related offenses." *Elswick*, 706 N.E.2d at 596.[2]

In short, the propriety of Elswick's consecutive sentences was fully litigated in his previous appeal. His efforts to redesignate and repackage his claim in constitutional terms are unpersuasive.[3] Both res judicata and the law of the case bar him from relitigating his consecutive sentencing claim and thereby getting another bite at the apple. Accordingly, we affirm.

Affirmed.

BAKER, J., and BARNES, J., concur.

---

[2] For example, Elswick unsuccessfully relied on *Kendrick v. State*, 529 N.E.2d 1311 (Ind. 1988), in the appeal of his 1997 Motion, and he again relies on *Kendrick* as support for the same claim (erroneous consecutive sentencing). Moreover, three years after this Court affirmed the denial of Elswick's 1997 Motion, our supreme court commented on the facts distinguishing Elswick's claim from Kendrick's:

> The facts in *Elswick v. State ...* demonstrate the problem in a broad application of the rule that a separate sentencing procedure cannot result in a consecutive sentence. If consecutive sentences are impossible, short of the risk of the death penalty or life without parole, a defendant like Elswick, faced with a murder charge, has no incentive to avoid other crimes, including attempts to intimidate or even kill witnesses, as long as those crimes carry only equal or shorter penalties. Presumably for that reason the statutory underpinning of *Kendrick* has been removed. The Court of Appeals in *Elswick* distinguished *Kendrick* on the grounds that the second crime was a conspiracy to kill a witness in the first, and was therefore "closely related" to the first crime.

*Davidson v. State*, 763 N.E.2d 441, 446 (Ind. 2002), *cert. denied* (2003). These distinguishing circumstances between Kendrick's and Elswick's claims have been analyzed, and we decline to revisit them.

[3] Even if they did not amount to a repackaging of the same claim, his constitutional claims could have been litigated on the merits of a previous proceeding. *See Shewmaker v. Etter*, 644 N.E.2d 922, 931 (Ind. Ct. App. 1994) ("Res judicata bars the relitigation of issues which were actually litigated or which could have been litigated in the first action."), *adopted by Hammes v. Brumley*, 659 N.E.2d 1021 (Ind. 1995).