# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 30 2019, 10:19 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Clifford J. Elswick
Pendleton Correctional Facility
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

George P. Sherman
Supervising Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Clifford J. Elswick,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

April 30, 2019

Court of Appeals Case No.
18A-CR-1988

Appeal from the Elkhart Superior Court

The Honorable Teresa L. Cataldo, Judge

Trial Court Cause No.
20D03-8911-CF-117

**Crone, Judge.**

# Case Summary

Clifford J. Elswick, pro se, appeals the denial of his motion for relief from judgment and his motion to correct error. Finding no error, we affirm.

# Facts and Procedural History

The facts as summarized by this Court in Elswick's 1999 appeal are as follows:

> [In 1989, while] jailed awaiting trial for the murder of Thurman Pulluiam and the attempted murder of David Kyle, Elswick attempted to arrange the murder of witness-victim Kyle. In separate jury trials before Judge [Gene R.] Duffin, Elswick was first convicted on the murder and attempted murder charges, for which he was sentenced to consecutive terms of forty and thirty years. He was then convicted of conspiracy to murder Kyle, for which he was sentenced to fifty years to be served consecutively to the sentences for murder and attempted murder.

*Elswick v. State*, 706 N.E.2d 592, 593 (Ind. Ct. App. 1999) ("*Elswick 2*"), *trans. denied*.

A lengthy procedural history ensued. In 1991, Elswick filed a direct appeal, arguing that his fifty-year sentence was manifestly unreasonable and that the trial court had relied upon improper aggravating factors. Another panel of this Court affirmed his sentence. *Elswick v. State*, No. 20A03-9101-CR-26 (Ind. Ct. App. Oct. 30, 1991). While the direct appeal was pending, Elswick, pro se, filed a motion to correct erroneous sentence, which the trial court did not immediately rule on because of the pending appeal, but which it ultimately

denied. In 1993, Elswick filed another pro se motion to correct erroneous sentence, which the trial court denied as moot.

[4] In June 1997, Elswick, by counsel, filed his third motion to correct erroneous sentence, asserting that the trial court lacked the statutory authority under Indiana Code Section 35-50-1-2 to order his sentence for conspiracy to commit murder to run consecutively to his sentence for his prior convictions for murder and attempted murder. *Elswick 2*, 706 N.E.2d at 593. Following a hearing, in March 1998, the trial court denied his motion ("1998 Order"). Appellant's App. Vol. 2 at 56-61. Elswick, by counsel, appealed. Another panel of this Court affirmed, holding that because the two causes involved interconnected offenses and the same judge had tried both cases, the trial court had the authority pursuant to Section 35-50-1-2(a) to order Elswick's sentence to run consecutively to his sentence for his prior convictions. *Elswick 2*, 706 N.E.2d at 596 (citing *Buell v. State*, 668 N.E.2d 251, 252 (Ind. 1996) (holding that trial court has discretionary power to order consecutive sentences for closely related offenses tried in the same court even where sentences are not imposed contemporaneously), and *Hutchinson v. State*, 477 N.E.2d 850, 857 (Ind. 1985) (holding that subsection (a) gives trial court discretion to order consecutive sentences when evidence of the facts of each offense is before trial court)). Our supreme court denied Elswick's petition to transfer.

[5] In May 2012, Elswick, by counsel, filed his fourth motion to correct erroneous sentence, "once again challenging the legality of his consecutive sentences." *Elswick v. State*, No. 20A05-1311-CR-553, 2014 WL 2809996, at *2 (Ind. Ct.

App. June 19, 2014) ("*Elswick 3*"), *trans. denied*. Following a hearing, in October 2013, the trial court denied the motion ("2013 Order"). Appellant's App. Vol. 2 at 62-67. Elswick appealed pro se. Another panel of this Court affirmed, concluding that the propriety of Elswick's consecutive sentences had been fully litigated in *Elswick 2* and that both res judicata and the law of the case doctrine barred him from relitigating his consecutive sentencing claim. *Elswick 3*, 2014 WL 2809996, at *2-*3. Our supreme court once again denied transfer.

[6] In April 2018, Elswick, pro se, filed a motion for relief from judgment pursuant to Indiana Trial Rule 60(B)(6), contending that the 1998 Order and the 2013 Order are void. The trial court denied the motion, finding in relevant part that *Elswick 2* and *Elswick 3* had affirmed the challenged Orders and that "once again [Elswick] is seeking relief from his sentence on grounds of impropriety. [Elswick] has exhausted the direct appeal process on this issue to the fullest possible extent. The court considers [Elswick's] most recent filing as an attempt to circumvent those rulings." Appellant's App. Vol. 2 at 41. In addition, the trial court cautioned Elswick that "there is no right to engage in abusive and repetitive litigation" and issued the following instruction:

> The court hereby instructs [Elswick] that he may not file any
> further repetitive motion concerning modification or vacation of
> his sentence on the basis that the trial court erred in imposing

sentence on constitutional[1] or statutory grounds. In other words, no further motions or petitions in which [Elswick] raises the issues of the validity of his conviction or sentence will be accepted for filing as these issues have been determined closed as a matter of res judicata. [Elswick] is, however, permitted to file motions to modify his sentence, but only within the confines of Ind. Code § 35-38-1-17.

*Id*. at 41-42. Elswick then filed a motion to correct error, which was deemed denied pursuant to Indiana Trial Rule 53.3(A). This appeal ensued.

## Discussion and Decision

[7] Initially, we note that Elswick has opted to proceed pro se. Pro se litigants without legal training are held to the same standard as trained counsel. *Pannell v. State*, 36 N.E.3d 477, 485 (Ind. Ct. App. 2015). Thus, pro se litigants are required to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. "We will not become a party's advocate, nor will we address arguments that are inappropriate, improperly expressed, or too poorly developed to be understood." *Barrett v. State*, 837 N.E.2d 1022, 1030 (Ind. Ct. App. 2005), *trans. denied* (2006).

---

[1] In his 2012 motion to correct erroneous sentence, Elswick had raised constitutional claims, arguing that his consecutive sentence constituted double jeopardy and cruel and unusual punishment, which the trial court rejected in the 2013 Order. Appellant's App. Vol. 2 at 66.

Under Indiana Trial Rule 60(B)(6), the trial court may relieve a party from a judgment if "the judgment is void." *Koonce v. Finney*, 68 N.E.3d 1086, 1090 (Ind. Ct. App. 2017), *trans. denied*. A motion requesting relief under this section of the rule "shall be filed within a reasonable time." Ind. Trial Rule 60(B); *see also Stidham v. Whelchel*, 698 N.E.2d 1152, 1156 (Ind. 1998) ("[T]he reasonable time limitation under Rule 60(B)(6) means no time limit."). "Our standard of review regarding a motion for relief from judgment pursuant to Rule 60(B)(6) "'requires no discretion on the part of the trial court because either the judgment is void or it is valid' and, thus, our review is de novo." *Koonce*, 68 N.E.3d at 1090 (quoting *Rice v. Comm'r, Ind. Dep't of Envtl. Mgmt.*, 782 N.E.2d 1000, 1003 (Ind. Ct. App. 2003)). "To prevail under Rule 60(B)(6), the party must demonstrate the prior judgment was void, and not merely voidable."[2] *Id*. "A judgment is void when the trial court lacked either personal or subject matter jurisdiction in the cause." *Gourley v. L.Y.*, 657 N.E.2d 448, 449 (Ind. Ct. App. 1995), *trans. denied* (1996).

---

[2] Our supreme court has explained,

> A void judgment is one that, from its inception, is a complete nullity and without legal effect[.] By contrast, a voidable judgment is not a nullity, and is capable of confirmation or ratification. Until superseded, reversed, or vacated it is binding, enforceable, and has all the ordinary attributes and consequences of a valid judgment.

*In re Guardianship of A.J.A.*, 991 N.E.2d 110, 114 (Ind. 2013) (quoting *Stidham*, 698 N.E.2d at 1154).

[9]     Here, Elswick asserts that the 1998 and 2013 Orders are void because the trial court exceeded the authority granted to it under Indiana Code Section 35-38-1-15 to correct an erroneous sentence. Since 1983, Section 35-38-1-15 has stated,

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

[10]    Specifically, Elswick contends that Section 35-38-1-15 is limited to claims of error apparent on the face of the sentencing judgment, but the trial court in this case exceeded its jurisdiction by considering facts and matters beyond the face of the judgment. In the 1998 and 2013 Orders, the trial court rejected Elswick's argument that his consecutive sentence was unauthorized by Indiana Code Section 35-50-1-2. At the time of Elswick's offense, that statute provided,

> (a) Except as provided in subsection (b) of this section, the court shall determine whether terms of imprisonment shall be served concurrently or consecutively.
>
> (b) If, after being arrested for one (1) crime, a person commits another crime:
>
> > (1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or
> >
> > (2) while a person is released:

> (A) upon the person's own recognizance; or
>
> (B) on bond;
>
> the terms of imprisonment for the crimes shall be served
> consecutively, regardless of the order in which the crimes are
> tried and sentences imposed.

Ind. Code § 35-50-1-2 (1987).

[11]     In both orders, the trial court concluded that Elswick's crime did not meet the requirements of subsection (b), and therefore mandatory consecutive sentencing was not required. However, upon consideration of the facts of Elswick's offense and the application of subsection (a) based on relevant Indiana case law,[3] the trial court concluded that it had the authority to order a consecutive sentence. Elswick maintains that the portion of the 1998 Order applying subsection (a) is void because the trial court considered matters beyond the face of the sentencing order, whereas the portion of the 1998 Order applying subsection (b) is valid, and therefore his consecutive sentence is erroneous. He contends that the 2013 Order is void in its entirety because it not only considers facts and matters beyond the face of the sentencing judgment but also is based on the void portion of the 1998 Order.

---

[3] Among other cases, the trial court relied on *Buell*, 668 N.E.2d 251, and *Hutchinson*, 477 N.E.2d 850, as did this Court in *Elswick 2*. Appellant's App. Vol. 2 at 58-61, 64-66.

[12] Elswick's argument is flawed in many respects, but we need not explore them all. The trial court had subject matter jurisdiction to rule on a motion to correct erroneous sentence,[4] as well as personal jurisdiction over Elswick. *See Koonce*, 68 N.E.3d at 1086 ("To act in a given case, a trial court must possess both subject matter jurisdiction and personal jurisdiction.") (citation omitted). "The fact that a trial court may have erred along the course of adjudicating a dispute does not mean it lacked jurisdiction." *K.S. v. State*, 849 N.E.2d 538, 541 (Ind. 2006). The error alleged by Elswick is not jurisdictional. Accordingly, even if the trial court had committed the alleged error, and we do not think that it did,[5] such error would not render the orders void. As such, Elswick is not entitled to relief under Trial Rule 60(B)(6).

[13] Furthermore, it is abundantly clear that Elswick's argument is really just another attempt to challenge the trial court's authority to order his consecutive sentence under Section 35-50-1-2(a). It may be a new vehicle to challenge the application of Section 35-50-1-2(a), but it is nevertheless an attempt to avoid

---

[4] "The question of subject matter jurisdiction entails a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs." *Troxel v. Troxel*, 737 N.E.2d 745, 749 (Ind. 2000).

[5] Before *Robinson v. State*, 805 N.E.2d 783 (Ind. 2004), our supreme court had not strictly applied the facially erroneous standard to motions to correct erroneous sentence. *Id.* at 786-87 (discussing *Jones v. State*, 544 N.E.2d 492, 496-97 (Ind. 1989) (reviewing erroneous sentence claim alleging that trial court considered invalid aggravating factors); *Reffett v. State*, 571 N.E.2d 1227, 1229 (Ind. 1991) (reviewing erroneous sentence claim that sentence violated terms of plea agreement); *Mitchell v. State*, 726 N.E.2d 1228, 1243-45 (Ind. 2000) (reviewing erroneous sentence claim based on double jeopardy violation, which required court to consider charges, jury instructions, and State's closing argument); *see also Gaddie v. State*, 566 N.E.2d 535, 537 (Ind. 1991) (reviewing erroneous sentence claim that trial court failed to identify mitigating factors and balance aggravating and mitigating circumstances).

application of that section. Our doctrines of res judicata and law of the case, as discussed in *Elswick 3*, apply equally here, and we need not reiterate what was so clearly explained in our earlier decision. 2014 WL 2809996, at *2.

Elswick also contends that the trial court erred in determining that he was an abusive litigant and restricting his ability to bring future litigation. "There is no right to engage in abusive litigation, and the state has a legitimate interest in the preservation of valuable judicial and administrative resources." *Zavodnik v. Harper*, 17 N.E.3d 259, 264 (Ind. 2014). "The courts of this state, after due consideration of an abusive litigant's entire history, may fashion and impose reasonable conditions and restrictions, guided by those in the statutes, rules, and [case law], on the litigant's ability to commence or continue actions in this state that are tailored to the litigant's particular abusive practices." *Id*. at 266. Here, the record shows that Elswick has filed a direct appeal challenging his sentence and four motions to correct erroneous sentence. Therefore, it was appropriate for the trial court to direct him not to file any additional motions raising issues that have been determined closed as a matter of res judicata; namely, issues challenging the legality of consecutive sentences.

Based on the foregoing, we affirm the trial court's denial of Elswick's Trial Rule 60(B)(6) motion.

Affirmed.

Bradford, J., and Tavitas, J., concur.