## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 18 2020, 8:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William T. Myers
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Zachary A. Cutshall, *Appellant-Defendant,* | August 18, 2020 |
| v. | Court of Appeals Case No. 20A-CR-776 |
| | Appeal from the Huntington Circuit Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Davin G. Smith, Judge |
| | Trial Court Cause No. 35C01-1806-F5-137 |

**Altice, Judge.**

## Case Summary

[1] Zachary Cutshall appeals the ten-year aggregate sentence that was imposed following his conviction for domestic battery resulting in serious bodily injury, a Level 5 felony, and the adjudication as a habitual offender. Cutshall claims that the trial court abused its discretion in ordering the sentence to be served consecutively to the sentences imposed in two other causes.

[2] We affirm.

## Facts and Procedural History

[3] Cutshall and his wife, Jessica Welker, lived with Cutshall's grandfather, Robert, in Huntington. Sometime during the evening of January 22, 2018, Welker and Cutshall started to argue because Cutshall was texting another woman on his phone. Welker became angry, told Cutshall that she wanted a divorce, and decided to pack her belongings and leave. As she was walking out of the residence, Cutshall followed her and screamed, "you're not leaving." *Transcript Vol. III* at 51. Welker lost consciousness, and she next remembered waking up in the bathroom with "blood pouring out of [her] mouth and a sharp pain in [her] ear." *Id.*

[4] Robert drove Welker to the hospital, where she told the medical staff that she had fallen down the stairs. Welker was "too scared to tell them" that her "husband had beat[en] [her]." *Id.* at 53, 56. Cutshall subsequently told his father and a friend that he hit Welker and was convinced that he was "going back to prison." *Id.* at 83.

[5]     Welker received stitches for a cut on her forehead, and her mouth was "banded shut" because Cutshall had broken her jaw. *Id.* at 58. Welker eventually had braces placed on her teeth and during the healing process, she suffered from migraine headaches, temporarily lost her eyesight, and was in extreme pain. At some point, Welker could not move her mouth and was only able to drink blended food through a straw. Despite treatment, Welker's jaw was misaligned and it had to be rebroken so rods, plates, and bolts could be placed in her mouth.

[6]     On June 26, 2018, the State charged Cutshall with domestic battery resulting in serious bodily injury, a Level 5 felony, and domestic battery, a Class A misdemeanor. The State also alleged Cutshall was a habitual offender. Thereafter, the trial court granted the State's motion to add a Level 3 felony aggravated battery charge.

[7]     When Cutshall committed these offenses, he was on parole under cause number 35D01-1002-FB-49 (FB-49) for dealing in a controlled substance, a class B felony. Cutshall's parole was later revoked, and he is currently serving time on that offense. Additionally, Cutshall was charged with auto theft as a Level 6 felony in March 2018, under cause number 35D01-1803-F6-46 (F6-46) and was subsequently convicted and sentenced for that offense in October 2019. Cutshall was also charged with committing synthetic identity deception, a Level 6 felony, under cause number 90D01-1804-F6-57 (F6-57) in March 2018. He was convicted and sentenced for that offense in May 2018.

[8] Following a two-day jury trial that commenced on February 25, 2020, Cutshall was found guilty of domestic battery resulting in serious bodily injury and domestic battery, and not guilty of aggravated battery. Cutshall admitted to being a habitual offender.

[9] At the sentencing hearing on March 9, 2020, the State argued for an enhanced sentence based on Cutshall's lengthy criminal history that consisted of four prior misdemeanor convictions—including a prior battery conviction—and twelve prior felony convictions. The State also noted that Cutshall was on parole in FB-49 when he committed the instant offenses.

[10] At the conclusion of the hearing, the trial court stated as follows:

> As aggravators, I find, Mr. Cutshall, your criminal history and the fact that you were on parole at the time of this incident. As far as a mitigator, I do find that you were acting under provocation; however, I do find that the aggravators outweigh the mitigators in this case. I'll show that Count 2 merges with Count 1. On Count 1, a Level 5 felony for Domestic Battery, I am going to sentence you to 5 years. None of that will be suspended to probation. On the Habitual Offender Enhancement, I will sentence you to an additional 5 years.

*Id.* at 205.

[11] That same day, the trial court issued a written sentencing order reiterating its findings at the earlier hearing. The written order further stated that Cutshall was to serve the sentence consecutively to the time received in F6-46 and F6-57. Thereafter, on March 19, 2020, the trial court issued an amended sentencing

order. In addition to ordering Cutshall to serve the ten-year sentence consecutively to the sentences imposed in the above-mentioned causes, the trial court noted that Cutshall was "currently executing time under [Cause FB-49], and the sentence imposed herein shall be consecutive to that case." *Appellant's Appendix* at 143. Cutshall now appeals.[1]

# Discussion and Decision

[12] Sentencing decisions rest within the trial court's sound discretion and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. An abuse of discretion occurs if the trial court's decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* When a trial court sentences a defendant for a felony conviction, it must enter "a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence." *Id.*

[13] We further note that a trial court has discretion to impose consecutive sentences "even if the sentences are not imposed at the same time." I.C. § 35-50-1-2(c). Hence, a trial court has the general authority to impose consecutive sentences

---

[1] Cutshall acknowledges that pursuant to Ind. Code § 35-50-1-2(e), the trial court was required to order the sentence to run consecutively to that under Cause FB-49 because of the parole violation. Thus, Cutshall does not challenge that portion of the sentencing order.

where the sentences stem from different cases in different courts. *Berry v. State,* 689 N.E.2d 444, 446 (Ind. 1997). Moreover, a defendant has no right to serve "concurrent sentences for different crimes in the absence of a statute so providing." *Perry v. State*, 921 N.E.2d 525, 527 (Ind. Ct. App. 2010).

[14] Cutshall argues that the trial court abused its discretion in ordering consecutive sentences "without discussing its reasoning for doing so on the record at the sentencing hearing." *Appellant's Brief* at 4. Notwithstanding this claim, we note that a trial court may evidence its reasoning for imposing a sentence in either a written or oral statement, and "we may consider both when reviewing the sentence imposed." *See Zavala v. State*, 138 N.E.3d 291, 299 (Ind. Ct. App. 2019), *trans. denied*.

[15] At the sentencing hearing, the trial court discussed and specifically identified Cutshall's lengthy criminal history and the fact that he was on parole when he battered Welker as aggravating circumstances, thus stating its reason for imposing an enhanced sentence for Level 5 domestic battery.[2] Later that same day, the trial court's detailed written sentencing statement reiterated its findings at the hearing and articulated its reasons for imposing the sentence. The written statement also specifically ordered Cutshall's sentence to run consecutively to those imposed in F6-46 and F6-57.

---

[2] The sentencing range for a Level 5 felony is from one to six years, with an advisory term of three years. Ind. Code § 35-50-2-6(b).

[16]  Contrary to Cutshall's contention, it is immaterial that the trial court did not use the word "consecutive" at the sentencing hearing, because it advanced the reasons for doing so in the written order. *See Zavala,* 138 N.E.3d at 299. Thus, we reject Cutshall's claim that this cause must be remanded for the trial court to further specify its justification for imposing consecutive sentences. *See Blanche v. State,* 690 N.E.2d 709, 716 (Ind. 1998) (holding that "there is neither any prohibition against relying on the same aggravating circumstances both to enhance a sentence and to order it served consecutively, nor any requirement that the trial court identify the factors that supported the sentence enhancement separately from the factors that supported consecutive sentences"); *see also Moore v. State,* 907 N.E.2d 179, 181 (Ind. Ct. App. 2009), *trans. denied.* We therefore conclude that the trial court did not abuse its discretion in ordering Cutshall's sentence to run consecutively to the sentences in F6-46 and F6-57.

[17]  Judgment affirmed.

Bailey, J. and Crone, J., concur.